### IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

# AT CASSVILLE,

### APRIL TERM, 1855.

Present—JOSEPH H. LUMPKIN, ⎫
EBENEZER STARNES, ⎬ *Judges.*
HENRY L. BENNING, ⎭

---

No. 83.—GEORGE H. COUCH, plaintiff in error, *vs.* JAMES
    TURNER, Sr. and others, defendants.

[1.] The general rule is, that the lessor in ejectment ought to have a subsist-
ing title or interest in the premises ; but under special circumstances, the
Court will permit the demises to be retained.

[2.] One man should not be allowed to rob another of his land, by using the
title of a third person, with whom he has no connection.

[3.] A plaintiff in ejectment should be permitted to recover under a demise
from a third person, when it shall clearly appear that he has a *bona fide*
claim or pretension to the premises—but owing to some defect in his chain
of title he is unable to recover in his own name.

Ejectment, in Fannin Superior Court. Decision by Judge
IRWIN, November Term, 1854.

This was an action of ejectment brought by John Doe, on
the several demises of James Turner, Sr., Smith Turner, Jas.

Turner and David Turner, heirs, &c. and O. F. Adams, against Roe and Geo. H. Couch, tenant in possession.

When the case was called on the appearance docket, the defendant's Counsel moved to strike out the demises in the names of the Turners, on the grounds—that they nor either of them have authorized the use of their names, and that it was not necessary, for the assertion or enforcement of any rights, legal or equitable, of Obadiah F. Adams, who is the party in interest, and who brings this suit.

The motion was supported by the affidavit of George H. Couch, stating his information and belief of the facts set forth in the motion.

The motion to strike out was over-ruled by the Court; and on this decision error is assigned.

There being no appearance for defendant, the case was heard *ex parte.*

UNDERWOOD, for plaintiff in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The motion to strike out the demises from the Turners, was prematurely made. Couch, the tenant in possession, makes oath that he is informed and believes, that the plaintiff had no authority to use the name of the Turners; neither was it necessary, for his protection, that he should do so.

Perhaps a sufficient reply to this showing would be, that the defendant's information may not be reliable. And surely the rights of the plaintiff are not to depend upon a mere peradventure.

The showing is insufficient in any aspect of it. Upon executing to the Turners an indemnity against costs, Adams had the right to use their name, with or without their consent. And this the Court decided should be done. And whether or not the use of the name of the Turners was necessary to enable Adams to enforce his claim, he, and not Couch, was the best judge.

We recognize the general rule, as contended for by Counsel for plaintiff in error, namely : that a person ought not to be made a lessor in ejectment, who has no subsisting title or interest in the premises. There are exceptions, however, even to this rule ; and under special circumstances, the Court will permit the demises to be retained.

[2.] We will willingly lend our aid to prevent one man from robbing another of his land, by using the title of a third person, with whom he has no connection. But it will be time enough for the Court to interfere, when, at the close of the testimony, this fact is made apparent.

[3.] It frequently happens, that owing to some defect in the chain of title, the plaintiff is unable to recover, except by laying a demise in the name of some previous party. And this he should be permitted to do, whenever it shall clearly appear that he has a *bona fide* claim or pretension to the premises. Otherwise, it would be both unreasonable and unjust to allow the tenant to be disturbed. (See *Wiley Kinsey et al. vs. The Lessee of Sensbough,* decided during the present term.)