JOHN DOE, *ex dem.*, JAMES D. SHANKS, *et al.*, plaintiff in error, *vs.* RICHARD ROE, *cas. ejector*, and DANIEL WHITE, tenant, defendant in error.

1. Though the attorney prosecuting a case may have no authority to use the name of a party as lessor of plaintiff in ejectment, the Court should not, for this cause, dismiss the action, unless it appear, also, that the client has no authority to use the name.

2. To authorize a plaintiff in ejectment to use the name of another, he must show some connection between his title and that of the person in whose name he sues.

3. A plaintiff in ejectment should be permitted to use the name of another when he makes it clearly appear to the Court that such use is necessary for the assertion of his rights.

4. The name of a party may be used as lessor in ejectment upon proper indemnity being given, not only without, but against his consent, when it appears to the Court that such use is important to the rights of a party.

Ejectment. Nonsuit. Decided by Judge CLARK, Superior Court of Early County, April Term, 1867.

This was ejectment on the demises of William Durham, James D. Shanks, *et al.*, for lot of land number two hundred and thirty-nine, in the twenty-eighth district of said county.

Plaintiff read in evidence the grant for said lot from the State to William Durham. The *locus in quo* was admitted.

The plaintiff closed.

Defendant's attorneys examined before *the Court* RICHARD SIMS and SAMUEL S. STAFFORD, attorneys for plaintiff, who

admitted that they did not know William Durham, had never seen him, and did not represent him, that they were attorneys for James D. Shanks, that Shanks claimed said land through William Durham, and that they used said grant for Shanks' benefit.

The Court thereupon, upon motion of defendant's attorneys, awarded a nonsuit, and refused to let the case go to the jury.

This action of the Court is assigned as error.

RICHARD SIMS, S. S. STAFFORD, for plaintiff in error.

A. HOOD, for defendant in error.

WALKER, J.

1. Ought the Court to have dismissed this action? We think not. The facts are very similar to those in the case of Kinsey vs. Sensbough, 17 Ga. R., 540. There the attorney had no authority to use the name of Sensbough, never knew him, was employed by Rogers, and used Sensbough's name for the benefit of Rogers. Upon this state of facts, the Court says, "Although that attorney may not know, and may not represent him, yet Harrison Rogers may know him, and be authorized by him to have this suit brought." P. 542. So here, while the attorneys may not be authorized to use the name of Durham, perhaps Shanks, for whose benefit this suit is brought, may have such authority. To have prevented a recovery in Durham's name, this possibility should have been met by proof. By reference to the case of Adams vs. McDonald, 29 Ga. R., 571, it will be seen that all the attorneys and the managing parties were sworn, and showed that the name of Adams was used without his knowledge or consent, and that it was used alone for the benefit of the Skeltons; and the Court would not, under these circumstances, permit a recovery in the name of Adams.

2. The Court, p. 579, says, "We have uniformly held that to authorize a plaintiff in ejectment to use the name of another, he must show some connection between his title and that of

the person in whose name he sues; (Couch vs. Turner, *et al.,* 17 Ga. R., 489; Kinsey vs. Sensbough, *et al.,* ib., 540;) that he is not invoking the paramount outstanding title to rob others, but to protect himself."

3. In Couch vs. Turner, *supra,* the Court says, "It frequently happens that owing to some defect in the chain of title the plaintiff is unable to recover, except by laying a demise in the name of some previous party. And this he should be permitted to do whenever it shall clearly appear that he has a *bona fide* claim or pretension to the premises. Otherwise it would be both unreasonable and unjust to allow the tenant to be disturbed." In this case, does it "clearly appear" that Shanks has a *bona fide* claim to the premises in dispute? The attorneys stated that Shanks claimed said land through Durham, and that they used the grant for Shanks' benefit. While this statement may be some evidence, perhaps, that Durham is a party from whom Shanks claims, yet the better rule is for the party to introduce his evidence of title, and show by that that he has a right to use the name of the party as one of his mediate or immediate vendees. We do not think it best that the plaintiff or his counsel shall decide the question of whether plaintiff has a *bona fide* claim to the premises, and therefore entitled to use the name of another for the assertion of his rights. The better course will be for all the facts to be submitted in evidence, and the Court can then give such direction as will advance the ends of justice.

If it shall appear that Shanks holds under Durham by a defective title, and that the use of Durham's name is necessary for the assertion of his rights, the Court will allow a recovery in Durham's name for Shank's benefit. In the absence of authority from the party to the use of his name, the Court will decide whether the use of such party's name is necessary for the assertion of the rights of the plaintiff or not. The Court will not lend its aid to one man to rob another of his land by using the title of a third person with whom he has no connection. Couch vs. Turner, *supra.*

4. The name of a party may be used as lessor of the

plaintiff, not only without, but against his consent, when it is apparent to the Court that such use is important to the rights of a party, upon giving sufficient indemnity against loss or damage. Fain vs. Garthright, 5 Ga. R., 6. But whether the use of such lessor's name be important to the rights of a party is a question for the decision of the Court upon all the facts of the case, and not of the party.

Judgment reversed.