## BEDELL *vs.* SCARLETT.

COMPLAINT, FROM CAMDEN. Drafts. Negotiable Instruments. Endorsements. Principal and Agent. Evidence. (Before Judge Mershon.)

Hall, J.—When one drew a negotiable bill of exchange, adding after his signature the letters "agt.," and the bill was endorsed in blank by the payee, and it went into the possession of a third party, who demanded payment of the drawees, and upon its refusal, brought suit against the drawer individually, it was not competent to set up, by way of defence, and show by parol, that in the transaction out of which the paper grew, the defendant acted as the purchasing agent of the drawees and delivered to them the timber bought on their account, for which the bill was drawn, and that these facts were known to both the payee and the plaintiff, who held under the indorsement, and that the bill was accepted and received by each of them with the understanding that the

drawees were to pay it, and that the drawer was not to be held liable thereon.

(a)   Section 2211 of the Code which provides that, where the agency is known, and the credit is not expressly given to the agent, he is not personally responsible upon the contract, does not control a case like this where a negotiable paper complete on its face appears to have been negotiated in the fair and usual course of trade, nor, on such a paper as this, is the question to whom credit was given, one of fact to be decided by the jury.

(b) · The fact that a blank indorsement may always be explained between the parties themselves, that is, between the indorser and indorsee or those taking with notice of dishonor or of the actual facts of such indorsement, does not sustain the defence set up in this case. Code, §§3800, 3801, 3803, 3808.

(c)   Where no time for the payment of a bill is specified, it is not due until presented and accepted. The holder of such paper is presumed to be such bona fide and for value; and while either fact may be negatived by proof and the maker may thus be let into his defences, yet it would seem that, in order to overcome this presumption, something like fraud in the procurement of the paper should be shown. A bona fide holder of a negotiable paper, who become such before it is due and without notice of any defect, is protected from all defences, except a plea of non est factum, gambling, illegal or immoral consideration, or fraud in its procurement. Code, §§2791, 2787, 2785 ; 36 Ga., 434 ; 65 Id., 711 ; 8 Mees and W., 834.

(d)   This case differs from that of Fleming *vs.* Hill, 62 Ga , 751, which was an action on an account.

Judgment affirmed.

J. C. McDonald ; J. C. Nicholls ; S. W. Hitch, by Harrison & Peeples, for plaintiff in error.

Spencer R. Atkinson, for defendant.