## WORTHAM *v.* SINCLAIR.

1. A plea of payment which fails to allege with reasonable certainty when, how and to whom the payment was made, is insufficient, and if advantage is taken of its defects by proper demurrer, it should be stricken, unless amended.
2. The evidence in the present case tended to establish an original undertaking on the part of the defendant, and not a mere verbal promise by him to pay the debt of another; and as the jury

might have found that the defendant was liable to the plaintiff upon the account sued on, as upon an implied *assumpsit* for money laid out and expended for the use of the defendant, it was error to grant a nonsuit.

March 16, 1896.    Argued at the last term.

Appeal.   Before Judge Falligant.   McIntosh superior court.   May term, 1895.

Wortham sued Sinclair upon an account dated at Darien, Ga., December 1, 1892, for "eight months board for G. W. Brandon, as per agreement, at $8.00 per month, $64.00; one month board for Chese Pearce, as per agreement, at $8.00."   A judgment was rendered for plaintiff for the $72 sued for, and the defendant appealed to the superior court.   In that court defendant pleaded not indebted, and also the following: "The debt claimed by plaintiff has been fully paid off and discharged before the entering of his suit."   The plaintiff moved to strike the last named plea, upon the ground that it was uncertain, indefinite and not sufficiently specific.   This motion was overruled, and plaintiff excepted.   At the conclusion of the evidence for plaintiff, defendant moved for a nonsuit on the grounds, that the evidence showed no contract between plaintiff and defendant, and that there was no assumption of the debt in writing by defendant.   This motion was sustained, and plaintiff excepted.

The only evidence was that of plaintiff himself.   He testified:   I had charge of Mr. Sinclair's turpentine business in this county.   I had entire management of the business.   I hired the hands.   We did not have hands enough to run the business, and Mr. Sinclair gave me the money to go to North Carolina to hire hands on the best terms I could.   I went to North Carolina and hired Mr. Brandon and Mr. Pearce at ten dollars per month and their board. I was to give the negroes twenty dollars per month and rations out of the commissary.   When I got back from North Carolina to Darien, I told Mr. Sinclair what I had

done and what I had agreed to give them, and he said to
me, "All right." It had been the custom for several years
for me to hire the hands, and they were boarded at different
places and the board was paid to whomever they boarded
with. I myself was boarded at first, and Mr. Sinclair
always paid the board to the person with whom I boarded.
I took the two white men, Brandon and Pearce, to my
house; I charged for their board eight dollars per month
each; and Mr. Sinclair knew they were staying there. The
usual price for board out there was ten dollars per month.
G. W. Brandon was boarded at my house eight months,
and Chese Pearce one month. These men owe me nothing,
but Mr. Sinclair owes me for their board the sum of $72
as set out in the bill of particulars sued upon; and the
amount is just, true, due and unpaid. I made no contract
with Mr. Sinclair to pay me the board of Brandon and
Pearce, only that I was to go to North Carolina and hire
men on the best terms for the business I could, and I agreed
that they should be paid ten dollars a month and board; and
when I came back and told him what I had done, he said
it was "all right."

*Lester & Ravenel*, for plaintiff.
*Walter A. Way*, for defendant.

LUMPKIN, Justice.

This was an action upon an account, tried in a justice's
court, wherein the plaintiff recovered. The defendant
entered an appeal to the superior court, and on the trial
there the plaintiff was nonsuited. The case depends almost
entirely upon the view to be taken of the evidence, a state-
ment of which appears in the official report.

1. In the superior court the defendant filed a plea alleg-
ing: "The debt claimed by the plaintiff has been fully
paid off and discharged before the entering of this suit."
The plaintiff's motion to strike this plea, upon the ground
that it was uncertain, indefinite and not sufficiently specific,

was overruled. It is obvious that the plea was lacking in several respects. However, the motion to strike, which was in the nature of a general demurrer, was itself deficient, in that it entirely failed to point out these defects.

2. Without undertaking to say what verdict ought to have been rendered under the evidence introduced by the plaintiff, we are satisfied the case ought to have been submitted to the jury for the purpose of allowing them to pass upon the question whether or not there was an original undertaking on the part of the defendant to pay to the plaintiff the board bills constituting the subject-matter of the plaintiff's account.          *Judgment reversed.*