### 354.   ATLANTIC COAST LINE RAILROAD COMPANY *v.* HART LUMBER COMPANY.

1. A plaintiff, where it becomes necessary for the purpose of enforcing his rights, may amend his petition by substituting the name of another person, suing for his use.

(a) The right, for the protection of which such amendment is allowable, need not be such a right as is capable of direct enforcement by the original plaintiff, either in law or in equity, provided it be substantial.

(b) Upon such an amendment being made, a cause of action must be shown to exist in favor of the nominal party.

2. A party who submits to a ruling on pleadings, by filing an amendment to meet the objection, waives his right to except on the ground that the amendment was not necessary. *Brantley Co.* v. *Southerland,* 1 *Ga. App.* 804, 57 S. E. 960; *Glover* v. *Railway Co.,* 107 *Ga.* 34, 32 S. E. 876.

3. An affirmative plea, lacking in certainty and showing no reason why the defendant can not make it more certain, should, when the defects are specifically pointed out by demurrer, be stricken, unless amended.

4. Where the judgment is reversed on account of decisive errors in the initial pleadings, alleged errors occurring on the trial will not be considered.

Complaint, from city court of Nashville—Judge Peeples. August 15, 1906.

Submitted May 14,—Decided May 24, 1907.

*Hendricks, Smith & Christian,* for plaintiff.

*Buie & Knight,* for defendant.

POWELL, J.   The plaintiff, the railroad company, claimed that the defendant, the lumber company, had obtained some railroad iron under a contract to rent and return it, or, if any portion was not redelivered on demand, to pay the value thereof. These contracts were not made with the plaintiff that brought the suit, but with the Brunswick & Western Railroad Company and with the Savannah, Florida & Western Railway Company. At the trial the plaintiff offered to amend by striking its name as plaintiff, and

by inserting the names of the other two railroad companies as plaintiffs, suing for its use. The court refused to allow this amendment. The plaintiff then tendered an amendment striking its name as plaintiff and inserting the name of the Brunswick & Western Railroad Company as plaintiff, suing for its use; and the court also refused this. Among other things, the defendant pleaded that it had rented some iron, but that the same had been checked up and returned. To this plea the plaintiff demurred, on the ground that "it is in the nature of a plea of payment, and the party to whom, the place where, and the date, and the amount of the rail returned on same, is not set forth as required by law," and that "it is so vague and indefinite until it amounts to no plea or defense whatever." The court overruled this demurrer. Upon demurrer to the petition for lack of certainty, the court required an amendment of the plaintiff. The plaintiff amended to meet the ruling, and now excepts on the ground that the court erred in requiring the amendment. The trial proceeded, resulted in a nonsuit, and several errors are assigned.

1. Ordinarily new and distinct parties can not be added by amendment; but there are exceptions to this rule. One exception is that provided by the Civil Code, § 5105, which allows a plaintiff, when it becomes necessary for the purpose of enforcing his rights, to substitute the name of another person in his stead, suing for his use. Since such an amendment is allowable for the designated purpose "of enforcing the rights of such plaintiff," some showing should be made to the court that some right of the original plaintiff is connected with the cause of action he desires to assert in the name of the nominal party to be substituted; but this right need not be so perfect as to be capable of direct enforcement, either in law or in equity. It is analogous to the practice in ejectment, where the real plaintiff is allowed to lay demises in the name of any living person, and recover upon any of such demises, though he be unable to connect his title by legal evidence with the title of the person in whose name he recovers, provided that the court is satisfied that he bona fide claims under such person, or has some connection with his title. See *Couch* v. *Turner,* 17 *Ga.* 489; *Shanks* v. *White,* 36 *Ga.* 432; *Harper* v. *Wilkes,* 76 *Ga.* 106; *Kinsey* v. *Sensbough,* 17 *Ga.* 540. If the court is satisfied, by the showing

made, that the original plaintiff has directly or indirectly bought or otherwise acquired the substituted plaintiff's cause of action, or a substantial interest therein, he should not refuse such an amendment, though, from failure to comply with legal prerequisites, or through absence of formal proof, the plaintiff can not establish a full legal connection therewith. Usually the statement of counsel, or the oath of the party that he does claim such an interest, in the absence of a counter showing, is sufficient. After the amendment is made, the pleadings must show a cause of action in the nominal plaintiff, and, to authorize recovery, the proof must establish it. Therefore an amendment which would have the effect of substituting as plaintiff a person who, under the pleadings, would not have even an apparent right to sue, should be refused. This is the holding of the Supreme Court in *Mitchell* v. *Railway Co.,* 111 *Ga.* 771, 36 S. E. 971, 51 L. R. A. 622 (2), and in *Norwich Union Insurance Co.* v. *Wellhouse,* 113 *Ga.* 970, 39 S. E. 397. The contention of the defendant in error that these decisions negative the privilege of an original plaintiff, who has not the strictly legal right to sue, to amend by substituting in his stead and for his use a plaintiff who has the apparent legal right, is not well founded. In this view, the court did not err in refusing the amendment wherein the plaintiff sought to substitute two separate and distinct plaintiffs, suing for his use, but did err in refusing the amendment offering to substitute the Brunswick & Western Railroad Company alone.

2. The proposition announced in the second headnote, being well settled, needs no discussion.

3. The court ought to have sustained the plaintiff's demurrer to that paragraph of the plea which set up redelivery; and, in the absence of an amendment, that much of the defense should have been stricken. In such a plea the defendant should allege, with such reasonable certainty as he may be able to do, the time and place of redelivery, the person to whom made, and the amounts delivered in each installment, if the delivery was by installments. If for any reason these facts can not be set up in detail, the plea should show the court some excuse for failure of strict compliance.

4. Where the reviewing court finds reversible error in the rulings of the trial court as to the initial pleadings, it is not usual to look further into the record for the consideration of errors assigned.

to rulings upon the trial, since a new trial necessarily results. See *Cagle* v. *Shepard, 1 Ga. App.* 192, 57 S. E. 946, and cases cited. Counsel for defendant in error in their brief have argued as to what they consider errors made against them by the court in ruling on the demurrer to the plaintiff's petition; but, in the absence of a cross-bill, these matters are not properly before this court.                    *Judgment reversed.*