18552. DANIA CASH STORES *v.* ZARING & COMPANY.

STEPHENS, J. 1. A plea of payment is good, as against a special demurrer based upon the ground that the plea is insufficient in failing to state with certainty when, how, and by whom payment was made, when it alleges a sufficient excuse for the failure and inability of the defendant to allege specifically when, how, and to whom payment was made. See *Atlantic Coast Line R. Co.* v. *Hart Lumber Co.,* 2 *Ga. App.* 88 (58 S. E. 316); *Fletcher* v. *Young,* 10 *Ga. App.* 183 (3) (73 S. E. 38); *Prince* v. *Cochran,* 10 *Ga. App.* 495 (2) (73 S. E. 693).

2. Where in a plea of payment it is alleged that payment was made by checks signed by certain designated parties and delivered to a certain named agent of the plaintiff during a certain year, it is a sufficient excuse for the failure of the defendant to allege more specifically when, how, and to whom the payments were made, that the canceled checks and check-stubs evidencing such payments were lost or destroyed by a particularly designated storm or hurricane which had swept over the country since the payments were made.

3. A demurrer to the paragraph in the defendant's plea setting up the above-indicated excuse for failure to specifically allege when, how, and to whom payments were made, upon the ground that this paragraph "is so uncertain and indefinite and so lacking in details that the plaintiff is unable to prepare to meet said plea or to rebut the allegations therein contained," fails to point out wherein the allegations in this paragraph of the plea are uncertain and indefinite, and therefore constitutes ·no special demurrer to the allegation in the defendant's plea alleging the excuse for failure to specifically allege when, how, and to whom payments were made.

4. There being no special demurrer to the allegation in the defendant's plea setting up an excuse for the defendant's failure and inability to more specifically allege when, how, and to whom payments were made, and the plea of payment, by reason of the sufficiency generally of the excuse alleged, being good as against the special demurrer interposed upon the ground that it failed to specifically allege how, when, and to whom payment was made, the court erred in striking the plea and in thereafter rendering judgment for the plaintiff.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JULY 27, 1928.

*Franklin & Langdale,* for plaintiff in error.
*Little & Dickerson,* contra.