18736. PALMER *v.* BRADSHAW.

DECIDED FEBRUARY 9, 1929.

*M. B. Peacock, Bennet & Peacock,* for plaintiff.
*Cowart & Durden,* for defendant.

STEPHENS, J. The reason underlying the rule which requires that in a plea of payment the time, the place, and the amount paid must be specifically alleged is to prevent the defendant from obtaining an advantage over the plaintiff by disclosing this information for the first time by evidence upon the trial when the plaintiff, by reason of a lack of notice beforehand of the specific contentions of the defendant, is not afforded an opportunity to produce

evidence specifically replying to these contentions. *Epstein* v. *Thomas*, 15 *Ga. App.* 741, 744 (84 S. E. 201). If, however, the defendant for any reason is unable to show specifically the times, the places, and the amounts of payments made by him, the plaintiff manifestly could not be put to such disadvantage. It is well settled that a defendant when pleading payment will not be required to specifically allege the time, place, and amount of payment if he can show a satisfactory excuse for his failure to so allege. *Atlantic Coast Line R. Co.* v. *Hart Lumber Co.*, 2 *Ga. App.* 88 (58 S. E. 316); *Dania Cash Stores* v. *Zaring*, 38 *Ga. App.* 427 (144 S. E. 132). Since, where the defendant, as in the case now before the court for consideration, alleges generally that payment in full of the indebtedness sued on has been made to the plaintiff, and that payment was made in various weekly installments "in amounts from $5.00 to $20.00, that defendant was buying groceries from the plaintiff during the greater part of the time these payments were being made, and the payments . . were made when the defendant would pay her grocery bills, which was usually weekly," that the defendant "keeps no set of books, and that all said payments were made in cash to the plaintiff, and on account of the fact that she keeps no books she is unable to set forth the dates of the payments," the defendant discloses all the information which she possesses as respects when, how, and in what amounts the alleged payments were made, and therefore, upon the introduction by the defendant of evidence in support of this plea, the plaintiff would not be put to the disadvantage of an inability to reply to evidence as to the specific facts of which he had no notice. The defendant's plea of payment therefore was not subject to the special demurrer upon the ground that the allegations were not sufficiently definite as to the payments.

Whether or not, as intimated in the opinion in *Epstein* v. *Thomas*, supra, the sufficiency of the excuse alleged for the failure to make these specific allegations in the plea of payment is a matter addressed to the discretion of the court, this question is not here presented for determination, since the trial court in the case under consideration held that the plea of payment, which set out the pleader's inability to give more specific information respecting the alleged payments, was good as against a special demurrer based upon the ground that the plea failed to give such

information, and we are of the opinion that, if the judge had the discretion referred to, he did not abuse it.

The court did not err in overruling the demurrer to the defendant's plea. Since no other assignment of error than the one here dealt with is insisted upon by the plaintiff, the judgments overruling the demurrer and the plaintiff's motion for a new trial are affirmed.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*