AGRICULTURAL FINANCE CORPORATION *v.* BATES *et al.*

No. 7448.   September 26, 1930.

*Clarence E. Adams,* for plaintiff.

*Berry T. Moseley,* for defendant.

RUSSELL, C. J. 1. In our opinion the first question should be answered in the affirmative. This debt was created in the lifetime of the intestate. The administrator stands in the intestate's shoes for all purposes, unless expressly excepted by some rule of law. It appears from the question that the transfer of title evidenced by the paper involved had been recorded at the time the administrator qualified. Certainly from that time on the administrator was charged with constructive notice of the existence of the paper by the public record of its contents. Actual notice was not required. It will seldom happen that an administrator has very much actual knowledge of the transactions of his intestate, and it would seem to be unfair to charge the estate with actual notice in such circumstances. It is the duty of the administrator, within the 12 months during which he is immune from being sued, to diligently inquire into the condition of the estate, and by investigation the administrator could have found, before being required to pay any creditor, the state of the public record. He did not have to pay any demand within the 12 months after qualification. It appears that he administered the fund arising from his successful suit in trover, by application thereof to demands other than that of the holder of the bill of sale, which he could have known was of highest dignity as regards the particular personal property which had been conveyed in the bill of sale. With the validity of the bill of sale unquestioned, and being notified by the record that it was outstanding, he administered the fund in question at his own risk. If there are no further assets of the estate from which he can be reimbursed, the administrator, and not the creditor, must lose.

2. If the security is a mortgage, the answer to the first question would be the same, as a general rule. However, there are certain exceptions as set out in the statute of distribution, under which a negative answer would be given; such as the allowance of a year's support as expenses of administration, payment of medical services during the last illness of the intestate, funeral expenses, and others mentioned in the statute.

3. We answer the third question in the affirmative.

4. A petition containing allegations as indicated in the fourth question would not make an equitable cause of action by setting up merely that the fund derived from the trover suit "was impressed with a trust," since it does not appear that extraordinary equitable relief was prayed. In every action as for money had and received, there is a duty devolving upon the holder thereof to pay, or at least an implication arises that the holder of the fund will pay, the true owner as he is bound to do ex equo et bono.

*All the Justices concur, except Atkinson, J., who dissents.*