21507. SMITH *v.* CARTER, administratrix.

Decided December 18, 1931.

*E. H. Williams,* for plaintiff. *J. B. Moore,* for defendant.

Jenkins, P. J. This was a suit on open account against an administratrix with the will annexed, for certain services rendered by the plaintiff to the decedent in her last illness, for certain burial items furnished the decedent, and for the amount of certain taxes

which after the decedent's death were paid on realty belonging to the decedent's estate, and for the amount of a note executed by the decedent and paid by the plaintiff after the decedent's death, the aggregate amount sued for being $407.49. An amendment to the petition sets forth that the item for taxes and the amount represented by the decedent's note were paid in good faith by the plaintiff under the impression that the property of the decedent had been duly bequeathed to the plaintiff by the last will and testament of this decedent, but that it was later shown and by the court declared that the alleged will under which the plaintiff claimed was not the decedent's last will and testament. The trial judge allowed the items for burial expenses and services, but on demurrer struck the items for taxes and the note paid. On a counterclaim set up by the defendant for rent alleged to have been collected by the plaintiff for a period of years on the premises held by the decedent at the time of her death, judgment was rendered against the plaintiff and in favor of the defendant, less the items allowed the plaintiff. The plaintiff excepts to the order disallowing the items stricken on demurrer.

It does not appear from the petition or the evidence, nor was it contended, that the instrument referred to, under which the plaintiff claimed to have held the property as legatee and devisee, was ever set up and established under probate proceedings as the last will and testament of decedent. In the absence of any such allegation or proof, there is no presumption that such was the case, since the defendant has proved and established another instrument as being in fact the last will and testament of the decedent. This being true, the debts of the unrepresented estate were paid by a mere volunteer. While an action for money had and received needs for its support no actual contractual relation, the circumstances must be such as that a quasi-contractual relation can be implied by law. *Citizens Bank* v. *Rudisill*, 4 *Ga. App.* 37 (60 S. E. 818). There never having been any quasi promise on the part of the unrepresented estate to repay the sums expended by the volunteer, there is nothing to support an action at law for the breach of a promise which did not exist. The question whether such a proceeding could be maintained in equity, or whether the rule would be different if the alleged instrument under which the plaintiff held possession until the true last will and testament was established had been probated so as to establish it as the last will and testament

until superseded by a different probate in solemn form, need not be decided. See, in this connection, the Civil Code (1910), § 4569.

*Judgment affirmed. Stephens and Bell, JJ., concur.*