25870. PILCHER *v.* LUMMUS COTTON-GIN COMPANY.

DECIDED FEBRUARY 4, 1937.

*Clifford E. Hay, Jesse J. Gainey,* for plaintiff in error.
*Titus & Dekle,* contra.

SUTTON, J. On November 27, 1934, Lummus Cotton-Gin Company brought suit against J. L. Pilcher for a balance of $575 and interest due on a promissory note for $750, dated July 9, 1926, and due December 1, 1926. On the back of the note, as shown by an exhibit attached to the petition, appeared certain credit entries, the last being for $400 "as commission on sale to Farmers Gin

Co., Meigs, Ga. (Located at Lehma, Ga.)" The defendant denied the substantial allegations of the petition, and by an amendment pleaded accord and satisfaction, setting up that the alleged balance had been paid by his services, under an agreement with the plaintiff, in causing to be made a sale of a gin outfit to Farmers Gin Co., in consideration of which he was to receive as a commission the entire balance due on the note sued on; and further alleging that "the times, places, persons, and agreement referred to in said petition of the plaintiff are the times, places, persons, and agreement referred to in this answer, the only difference being that plaintiff has incorrectly stated the amount of the commission thereby earned by the defendant," and that "defendant's data touching that matter having been mislaid and not now available, he is unable to set out the details of the same with greater particularity." The plaintiff renewed a demurrer theretofore filed, adding a special ground that "the amendment is defective in that it fails to state at what place the agreement was made, with what officer of the corporation or person with whom the agreement was consummated, whether it was in writing or not, and that said officer or person was a duly authorized agent to bind the plaintiff, and that he had authority to settle said indebtedness." The court overruled the general demurrer, but sustained that part of the special demurrer which alleged that "the amendment is defective in that it fails to state with what officer of the corporation, or person with whom the agreement was consummated, and that said officer or person was a duly-authorized agent to bind the plaintiff," ordering that the defendant be allowed thirty days within which further to amend his plea and answer. The defendant duly filed exceptions pendente lite to this judgment, and did not amend further. On the trial the plaintiff made out its case, and the court directed a verdict for the plaintiff. Error is assigned on the judgment striking the plea of the defendant, and on the direction of the verdict.

■ "The rule that payment and acceptance of a smaller sum do not extinguish a claim for a larger has no application to an executed agreement whereby the creditor accepts the personal labor of the debtor in satisfaction of his claim." 1 C. J. 566, § 97; *Merchants Bank* v. *Davis*, 3 *Ga.* 112; *Molyneaux* v. *Collier*, 13 *Ga.* 406; *Burgamy* v. *Holton*, 165 *Ga.* 384, 394 (141 S. E. 42).

■ "The rule which requires that in a plea of payment the time, the place, and the amount of the payment must be specifically alleged does not apply where the pleader furnishes a satisfactory excuse for the failure so to allege." *Palmer* v. *Bradshaw*, 39 *Ga. App.* 278 (146 S. E. 642), and cit. And where, as in the present case, it is shown from the petition filed in 1934 that the defendant was entitled to a commission because of the sale of a gin outfit to a third party named by the plaintiff, and the defendant pleads payment of the entire balance of a note due December 1, 1926, by setting up that under an agreement with the plaintiff he rendered services to it in selling a gin outfit to the same party named by the plaintiff, and that it was agreed between the parties that for such services the entire balance due on the note was to be thereby discharged as commission, and further alleging that "the times, places, persons, and agreement referred to in said petition of the plaintiff are the times, places, persons, and agreement referred to in this answer, the only difference being that the plaintiff has incorrectly stated the amount of the commissions thereby earned by this defendant," and that "defendant's data touching that matter having been mislaid and not now available, he is now unable to set out the details of the same with greater particularity," such plea is sufficient as a plea of accord and satisfaction, the pleader being excused from complying with the general rule as to definite specification of details, because the plaintiff, being in possession of the facts of the transaction, as shown by its credit entry on the note, is not, by the alleged insufficient plea of the defendant, put to any disadvantage as to meeting, on the trial of the case, the defense set up by the defendant.

■ Where a special demurrer was filed by the plaintiff to such plea of the defendant, a judgment sustaining so much thereof as alleged that "the amendment is defective in that it fails to state with what officer of the corporation or person with whom the agreement was consummated, and that said officer or person was a duly-authorized agent to bind the plaintiff," and allowing the defendant thirty days in which further to amend his plea and answer, was reversible error; and all proceedings thereafter were nugatory.

*Judgment reversed. Stephens, P. J., concurs. Felton, J., dissents.*