27222, 27242. SMITH, administratrix, *v.* FISCHER, and *vice versa.*

792

DECIDED FEBRUARY 8, 1939.   REHEARING DENIED MARCH 17, 30, 1939.

*Augustine Sams, Robert Lee Avary Jr.,* for plaintiff.

*Charles D. Hurt, John Wesley Weekes,* for defendant.

SUTTON, J.   On November 17, 1931, Mrs. Corinne S. Smith, individually and as administratrix of the estate of Chauncey Smith, deceased, brought suit for damages against Dr. Luther C. Fischer on account of certain alleged acts of trespass on a certain tract of land of which Smith was the owner at the time of his death.   It was alleged in the petition that this land adjoined the land of the defendant, and that, without any permission and knowing the boundaries between the properties, the defendant had, since the death of Smith, wilfully taken from the land 350 cubic yards of waterwashed stone, valued at $3 per cubic foot, and that he and his agents and servants had damaged the land in removing the rock therefrom.   The petition alleged that the defendant's acts constituted a wilful and intentional trespass, and judgment was prayed for the value of the rock removed, for damages to the land, and for punitive damages because of the alleged wilful and intentional trespass.   The defendant filed an answer denying the substantial allegations of the petition as to liability, but admitting that he did remove certain loose stone and rock from the Smith land, setting up, however, that he acted under an agreement with the said Smith whereby the defendant was to build a dam on his own property to create a little lake and waterfalls, and thus beautify the property of each, that Smith told him to enter upon his property and remove any and all rock and stone from the land or the bed of a stream running through the land, and to dispose of it or use it as the defendant saw fit, and that, relying on such understanding and agreement, the defendant went to a great deal of expense in making such improvements, and enhanced rather than damaged the Smith property.   On the trial of the case the plaintiff amended her petition by alleging that she was the sole heir at law of the deceased Smith, and struck her name as administratrix, leaving the case to proceed in her individual capacity alone.   At the conclusion of the plaintiff's evidence the trial court,

on motion, granted a nonsuit, which judgment was by this court reversed in *Smith* v. *Fischer*, 52 *Ga. App.* 598 (184 S. E. 406). On the second trial of the case the plaintiff, over the objections of the defendant, amended her petition, striking herself individually as plaintiff, and proceeding as administratrix of the estate of Chauncey Smith, deceased. Upon the defendant's pleading surprise, the case was continued, and trial was begun on March 1, 1938, resulting in a verdict for the defendant. The plaintiff filed a motion for new trial on the general grounds, and by amendment added several special grounds, all of which are dealt with hereinafter. The exception is to the judgment overruling the motion for new trial. To the allowance of the amendment the defendant filed and had duly certified exceptions pendente lite, and by cross-bill of exceptions error is assigned on the allowance of the amendment on the grounds specified in said exceptions pendente lite.

■ The evidence introduced on the trial of the case was somewhat lengthy but need not be stated in detail. A careful examination suffices to show that the jury was authorized to return a verdict in favor of the defendant. The evidence was sufficient to authorize a finding that about 1930, the defendant began to construct a dam on his premises, and that the deceased Chauncey Smith was familiar with the undertaking; that the defendant made known to him that in the construction of the dam he would like to use some of the rocks and stones which were upon the Smith land and in the bed of a stream running through it, and that Smith authorized him to enter upon the premises at his pleasure and use such rocks and stones as he saw fit; that at the same time Smith expressed a wish to have some of the sand which was upon the defendant's land, and was informed by the defendant that he was welcome to the sand whenever he wanted it, it being understood, however, that the defendant was at liberty to begin using the rocks and stones at once; that in 1930 and 1931, the defendant caused a quantity of the rocks and stones to be removed from the Smith land to his own, and was in the act of hauling other rocks from the property about September 28, 1931, when the plaintiff came upon the scene and ordered the servants of the defendant to desist. The jury was authorized to find from the evidence that the deceased and the defendant were on cordial terms; that the deceased was familiar with the progress of the work and the use.

of his rocks and stones in connection therewith, and that at no time did he say or do anything inconsistent with his original authority given to the defendant to use the material and to enter upon his premises for the purpose of acquiring it; that the preparation and construction of the dam continued for some time; that the defendant, through his servants, executed the license by loosening the rocks from the stream on the land of the deceased, placing them on the bank of the stream, and subsequently hauling them to the site of the dam, the construction of which was begun in the lifetime of the deceased. Loose rocks on the premises were also hauled and used in the completion of the dam, all of these operations being attended with considerable expense on the part of the defendant. It further appears that the deceased not only was familiar with, observed and acquiesced in the removal, hauling and use of the rock and stones, but suggested a point at which the dam should be constructed, and that the defendant, to please and benefit him also, constructed the dam at a place somewhat near the location desired by the deceased in order to benefit his own premises in certain particulars.

Thus, the defendant having executed the oral agreement or license, and having incurred expense in so doing, the oral license, which would otherwise be revocable on the death of the licensor, was taken out of the statute of frauds and became irrevocable. Code, § 85-1404, provides: "A parol license is primarily revocable at any time, if its revocation does no harm to the person to whom it has been granted; but it is not revocable when the licensee has executed it and in doing so has incurred expense." This principle of law has been announced in many decisions of the Supreme Court of this State. *Sheffield* v. *Collier,* 3 *Ga.* 82, 87; *Mayor &c. of Macon* v. *Franklin,* 12 *Ga.* 239, 242; *Rawson* v. *Bell,* 46 *Ga.* 19; *Southwestern Railroad* v. *Mitchell,* 69 *Ga.* 114, 123; *City Council* v. *Burum,* 93 *Ga.* 68, 74 (19 S. E. 820, 26 L. R. A. 340); *Ainslie* v. *Eason,* 107 *Ga.* 747, 749 (33 S. E. 711); *Hiers* v. *Mill Haven Co.,* 113 *Ga.* 1002, 1004 (39 S. E. 444); *Cherokee Mills* v. *Standard Cotton Mills,* 138 *Ga.* 856 (76 S. E. 373). See also Pacific Imp. Co. *v.* Chattanooga Southern R. Co., 179 Fed. 238; 37 C. J. 292, § 195. "The principle embodied in this section is that if the enjoyment of the license must necessarily be preceded by the expenditure of money and the licensee has

incurred·expense in executing it, the license becomes an agreement for a valuable consideration and the licensee a purchaser for value." *Miller* v. *Slater*, 182 *Ga.* 552, 558 (186 S. E. 413).

The plaintiff contends, however, that the evidence shows that some rock was removed after the death of Smith, and that as administratrix she is entitled to recover to that extent. Conceding that the defendant would be a trespasser in removing any stone as to which no expense had been incurred before the death of the intestate, we do·not think that the evidence showed such fact. It is true that there was testimony that after Smith's death a considerable quantity of rock was removed, but there. was no evidence that it was rock which had not been identified with expense on the part of the defendant. While the defendant admits that some rock was removed after Smith's death, his uncontradicted testimony was that all the rock so taken was that which, preliminary to hauling, and before the death of Smith, had been taken from the stream and placed on its bank for the purpose of being used in the construction of the dam. Expense having been incurred by him in preparing the rock for removal to the dam, the death of Smith did not affect the right of the defendant to such rock, and the administratrix, who stands in his shoes (*Agricultural Finance Cor.* v. *Bates*, 171 *Ga.* 230, 332 (155 S. E. 32), can not maintain an action of trespass for the value of the rock so removed.

■ Two special grounds of the motion for new trial relate to the merits of the case and are controlled adversely to the plaintiff in error by the ruling in the first division of this opinion.

■ Another special ground complains that the court erred in refusing to permit the plaintiff to prove by the official reporter, who took down in shorthand the testimony of a certain witness on a former trial of the case, what such witness testified to, it being contended that it was shown that such witness was inaccessible on the last trial of the case, and that all proper diligence had been used to subpœna him, and that the court's refusal to permit the official reporter to testify from his shorthand notes was prejudicial and harmful to the plaintiff. The nature of the testimony of the witness on the former trial of the case not being made to appear, it is not shown in this special ground .of the motion wherein the plaintiff was harmed, and no question is presented for decision here.

■ Four special grounds of the motion complain of the failure of the court to give in charge certain timely written requests to charge. Without setting out the language of the requested charges, it is sufficient to say that such charges were incomplete and without merit, inasmuch as they were not in accordance with the principles of law announced in the first division of this opinion.

■ Another special ground complains that the court erred in failing to charge the jury on the law of general damages as set forth in Code, § 105-2006, it being contended that, as a result of such failure to charge, the jury was left without any rule of damages by which they could return for the plaintiff a verdict for general or nominal damages even though special damages had not been proved. This ground is without merit, as the record shows that the court sufficiently charged the jury on the subject of general and nominal damages.

■ The last two special grounds of the motion for new trial, complaining of certain portions of the charge of the court, are without merit in view of the ruling in the first division of this opinion, the gist of these exceptions being that the plaintiff's action was one for trespass and that the defendant had no right to go upon the property in question and remove rock and stones therefrom, after the death of Chauncey Smith, without the permission of the plaintiff.

Inasmuch as the judgment of the trial court is being affirmed, it is unnecessary to deal with the cross-bill of exceptions which is, accordingly, dismissed.

*Judgment affirmed on main bill of exceptions; cross-bill of exceptions dismissed. Guerry and Felton, JJ., concur.*

### ON MOTION FOR REHEARING.

GUERRY, J., concurring specially. If, as the jury found in this case, Smith gave to Fischer the right to blast, dig, and remove certain rock from Smith's land and in pursuance of such parol agreement Fischer entered upon the land of Smith and incurred expense preparing such rock for removal, the title to such rock so prepared for removal was in Fischer, and an easement in the land to the extent and for the purpose of removing such rock therefrom became vested in Fischer; and while the right to further continue the digging and removal of such rock could be terminated at any time by Smith, or automatically became terminated upon the death

of Smith, the title to the rock dug before such cancellation continued in Fischer, and the easement or right to enter upon said land for this single purpose remained in Fischer; and it was not a trespass for Fischer to enter upon Smith's land for this purpose. Especially is this true when it appears that Fischer desisted upon objection being made.