34231. COMMUNITY THEATRES COMPANY *v.* BURNEY, by next friend.

DECIDED NOVEMBER 8, 1952.

*T. J. Long, Nick Long Jr.,* for plaintiff in error.
*Howell & Howell, John I. Hynds,* contra.

FELTON, J.  Glenn Burney, by next friend, sued Community Theatres Company for damages allegedly arising from the tortious conduct of its manager.  The defendant filed general and special demurrers to the petition.  The court overruled the general demurrer and sustained several special demurrers and granted the plaintiff fifteen days in which to amend to meet the sustained demurrers.  A motion to purge the petition of the objectionable parts was sustained. The plaintiff amended the original petition by substituting a rewritten petition in lieu thereof.  Upon the presentation of the rewritten petition the court passed the following order thereon: "Read and considered.  Let it be filed and made a part of the record of this case, subject to objections, the same being in conformity with the order of this court dated June 25, 1952, and as amended June 26, 1952."

Assuming for the sake of argument that the foregoing order approved the petition so far as the purging of objectionable parts was concerned, there has been no final judgment in the case.  The act of 1952 (Ga. L. 1952, pp. 243-245; Code, Ann. Supp., § 81-1001) provides: "The judge at any time in vacation after the appearance day of a case shall, upon request of counsel for either party, hear and decide all objections made to the sufficiency of the petition and pleas and may, by order, dismiss plaintiff's petition or strike defendant's plea for non-compliance with·the requirements of the law, unless the defect shall be cured by amendment.  The court may, on good cause shown, allow a reasonable time in his discretion for making and filing such amendment.  Such hearing may be had at any place in the circuit after due notice to attorneys for the parties. *Where the court sustains any or all demurrers to pleading, and*

*allows time for the filing of an amendment, such judgment or order shall not be subject to exception or review, but the court shall render a judgment on the sufficiency of the pleadings after the expiration of the time allowed for amendment which shall supersede the judgment allowing time for amendment. Parties shall have the right to amend at any time prior to the rendition of such latter judgment.* Nothing herein shall be construed to abridge the right of amendment otherwise existing." (Emphasis supplied.) Thus it can be seen that the act requires that where a demurrer to pleadings is sustained and in the judgment time is allowed in which an amendment may be filed, such judgment on demurrer is not subject to exception or review and is therefore not a final judgment. The act further provides that in such cases an additional and final order shall be passed on the sufficiency of the pleadings (whether amended or not). This provision in the act comprehends all of the rulings on the pleadings, both those sustaining demurrers and those overruling them, for the reason that if amendments are filed, they might affect the rulings already made. The beneficent purpose of the act is to give the court a free hand in ruling on the pleadings as finally amended, without having the court shackled by the law of the case in requiring an amendment, and at the same time to give parties the right to unlimited amendment without penalty. The last judgment in this case was also not final because it allowed the amendment subject to further objection. The judgments here excepted to were the original judgment allowing time in which to amend and the judgment overruling a part of the motion to purge. We ordered up the last judgment on the rewritten petition, which is the last judgment in the case. Since no final judgment was excepted to, the writ of error must be dismissed.

*Writ of error dismissed. Sutton, C.J., and Worrill, J., concur.*