34585. AIKEN *v.* STATE FARM MUTUAL AUTOMOBILE INS. CO.

TOWNSEND, J. Code § 81-1001, as amended by the act of 1952 (Ga. L. 1952, p. 243), provides in part as follows: "Where the court sustains any or all demurrers to pleading, and allows time for the filing of an amendment, such judgment or order shall not be subject to exception or review, but the court shall render a judgment on the sufficiency of the pleadings after the expiration of the time allowed for amendment which shall supersede the judgment allowing time for amendment. Parties shall have the right to amend at any time prior to the rendition of such latter judgment." Accordingly, as stated in *Community Theatres Co.* v. *Burney,* 87 *Ga. App.* 165 (73 S. E. 2d 104): "The act requires that where a demurrer to pleadings is sustained and in the judgment time is allowed in which an amendment may be filed, such judgment on demurrer is not subject to exception or review and is therefore not a final judgment." See also *Browning* v. *Hirsch,* 87 *Ga. App.* 576 (75 S. E. 2d 43); *Weinstein* v. *Rothberg,* 87 *Ga. App.* 94 (73 S. E. 2d 106); *Cates* v. *Owens,* 87 *Ga. App.* 270 (2) (73 S. E. 2d 345). Error is assigned in the bill of exceptions only upon the judgment sustaining a general demurrer and certain special demurrers with leave to amend, which order recited that, "upon failure to so amend, the action shall stand dismissed," and upon exceptions pendente lite to certain interlocutory rulings adverse to the plaintiff in error. No automatic dismissal resulted from the failure to amend under the terms of Code § 81-1001 as amended, and no error is assigned upon any final judgment, nor does the record contain any judgment finally disposing of the case. Accordingly, the bill of exceptions is prematurely brought and must be

*Dismissed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED APRIL 22, 1953—REHEARING DENIED MAY 7, 1953.

*G. Seals Aiken, F. L. Breen,* for plaintiff in error.
*Dunaway, Howard & Embry,* contra.