### 35332. KIRK v. SHAFFER.

CARLISLE, J. 1. "Where, in ruling upon demurrers, the trial court allows time for the filing of an amendment, such court shall render a judgment on the sufficiency of the pleadings after the expiration of the time allowed for amendment which shall supersede the earlier judgment on the demurrers and such earlier judgment or judgments shall not be subject to exception or review." *Weinstein* v. *Rothberg*, 87 *Ga. App.* 94 (73 S. E. 2d 106); *Aiken* v. *State Farm Mutual Automobile Ins. Co.*, 88 *Ga. App.* 131 (76 S. E. 2d 141), and citations. Under an application of the foregoing rule of law to the facts of this case, the assignment of error upon that part of the judgment of October 9, 1952, overruling certain of the plaintiff's special demurrers to the answer, in which time was allowed for amendment, is not subject to review by this court.

2. "A plea of payment which fails to allege when, how, and to whom the payment was made is properly stricken on demurrer. *Wortham* v. *Sinclair*, 98 *Ga.* 173 (25 S. E. 414); *O'Neal* v. *Phillips*, 83 *Ga.* 550 (10 S. E. 352); *Atlantic Coast Line R. Co.* v. *Hart Lumber Co.*, 2 *Ga. App.* 88 (58 S. E. 316)." *Thomas & McCafferty* v. *Siesel*, 2 *Ga. App.* 663

(58 S. E. 1131). The plea of payment, which the defendant offered as an amendment to his original petition in this case, does not meet the standard for certainty established by the rule of law quoted above. While the plea does comply with the requirement of stating by whom and to whom the payment was allegedly made, it is lacking in certainty as to when and how the payment was made, without any reason being given why the defendant cannot make it more certain. These defects were specifically pointed out by the plaintiff in his objections to the allowance of the amendment, and the trial court consequently erred in allowing the amendment over such objections. *Atlantic Coast Line R. Co.* v. *Hart Lumber Co.*, 2 *Ga. App.* 88 (58 S. E. 316).

3. The error indicated above was a decisive one on the pleadings, which rendered all further proceedings nugatory.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

Decided January 11, 1955.

*Joseph J. Fine, Noah J. Stone,* for plaintiff in error.

