36962.   STEIN STEEL & SUPPLY COMPANY *v.* K. & L. ENTERPRISES, INC.

DECIDED JANUARY 22, 1958—REHEARING DENIED JANUARY 31, 1958.

*Joseph J. Fine, D. W. Rolader,* for plaintiff in error.
*Augustine Sams, Grigsby H. Wotton,* contra.

CARLISLE, Judge. 1. While the bill of exceptions assigns error on the order overruling the original general demurrer and certain of the special demurrers, this order allowed the plaintiff time in which to amend and is not subject to review. Therefore, we have only for our consideration with respect to the demurrers the question of whether the petition, as finally amended, was sufficient to withstand the general demurrer. Code (Ann.) § 81-1001. *Kirk* v. *Shaffer*, 91 *Ga. App.* 358 (1) (85 S. E. 2d 629).

An action for money had and received lies in all cases where money is in the hands of the defendant which the plaintiff ex aequo et bono is entitled to recover and which the defendant in good conscience is not entitled to retain. *Whitehead* v. *Peck*, 1 *Ga.* 140; *Rudisill* v. *Handley*, 9 *Ga. App.* 789 (72 S. E. 189). This form of action sounds in assumpsit and grows out of privity of contract either express or implied, but it needs for its support no actual contractual relationship, for the law will imply a quasi contractual relation to uphold it wherever the circumstances so require, and " 'it is immaterial how the money may have come into the defendant's hands, and the fact that it was received from a third person will not affect his liability, if, in equity and good conscience, he is not entitled to hold it against the true owner.' 27 Cyc. 864 (K.) Indebitatus assumpsit will therefore lie to recover the overplus of a double payment (27 Cyc. 862 (F)) or money which has been paid under a mutual mistake of fact. 27 Cyc. 873 (iv) ; Keener on Quasi Contracts, 26." *Citizens Bank of Fitzgerald* v. *Rudisill*, 4 *Ga. App.* 37, 41 (60 S. E. 818).

However, "Payments of taxes or other claims, made through ignorance of the law, or where the facts are all known, and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party, are deemed voluntary, and cannot be recovered back, unless made under an urgent and immediate necessity therefor, or to release person or property from detention, or to prevent an immediate seizure of person or property. Filing a protest at the time of payment does not change the rule." Code § 20-1007. *Whitehead* v. *Peck*, 1 *Ga.* 140, supra. While an honest mistake of law as to the effect of an instrument on the part of two contracting parties may be relieved in equity (Code § 37-204), "Mere ignorance of the law on the part of the party himself, where the facts are all known, and there is no mis-

placed confidence, and no artifice or deception or fraudulent practice is used by the other party either to induce the mistake of law or to prevent its correction, shall not authorize the intervention of equity." Code § 37-209. "To authorize a recovery, however, on the theory that the plaintiff has paid the defendant money under a mutual mistake of fact, it must appear that there was an actual mistake as to the facts; for the law will not allow a man who has paid money, knowing that the payee is not entitled to receive it, to recover it. 'Since the payment was unnecessary, plaintiff must be regarded as having intended to make a gift of that sum of money to the defendant,—in which event there is no reason why he should be allowed to recover it,—or else as attempting to shift his position from that of a defendant to that of a plaintiff,—a course which would in most cases be unfair to the claimant, and which is not allowed in any case where the law deems the payment a voluntary one.' Keener on Quasi Contracts, 27. The word 'knowledge,' when applied in this connection, is not, however, used in the broad sense in which it is sometimes used. A man may have a fact in memory, but at a given moment his faculty of recollection may not present it to him. For example, you pay a debt, and, being a conscious agent, you of course possess the cognition of the fact; your memory stores it away; later your creditor presents his demand again. Though, in the broad sense, knowing that you have paid it, and though, still holding that fact dormant in your memory, yet not recalling it,—that is, forgetting it,—you pay it again. In such cases, for the purposes of the principles we are discussing, you are not considered as having knowledge of the fact." *Citizens Bank of Fitzgerald* v. *Rudisill,* 4 *Ga. App.* 37, 41, supra; *Agricultural Finance Corp.* v. *Bates,* 171 *Ga.* 230, 232 (1) (155 S. E. 32); *Graves* v. *Carter,* 208 *Ga.* 5 (2) (64 S. E. 2d 450); *Smith* v. *Carter,* 44 *Ga. App.* 438 (161 S. E. 649).

Testing the facts alleged in the instant petition by the foregoing principles and rules of law, it may be seen that the payments of the money to the defendant, under the allegations of the petition, which must be construed most strongly against the plaintiff on general demurrer, were not made on account of the plaintiff's ignorance or forgetfulness of the fact that he did not owe the defendant any money, or even merely because he did not

at the time have at his command the means of proving that he did not owe anything, but the payments were made merely because the plaintiff voluntarily chose to pay that which he knew at the time he did not owe and take his chances on being able to collect the overpayment back rather than to follow the statutory procedure provided under Code (Ann.) § 67-2004 for discharging the lien. The petition fails to allege any facts showing why the existence of the lien could not have been discovered prior to the time of closing the sales, or that there was any immediate compulsion to close the sales at those particular times, or why the sales could not have been delayed at least long enough for the plaintiff to make bond and secure a discharge of the lien under the provisions of Code (Ann.) § 67-2004. This is particularly true with regard to the allegations of the petition respecting the sale of the houses and lots on September 27, 1955, and October 5, 1955, after the sale of one house and lot on September 20, 1955. Certainly as to the later sales, the plaintiff was at least forewarned after discovering the existence of the lien on the lot sold on the first occasion, that the defendant had filed liens on the property and was contending that additional sums were due it, and the petition, as finally amended, wholly fails to allege any facts with respect to these transactions showing why the plaintiff could not have arranged for the discharge of the liens in the statutory manner prior to the closing date. These being the facts, the petition affirmatively shows that the plaintiff voluntarily paid to the defendant the sums of money in settlement of a disputed claim, and that it was not under any duress or compulsion to make the payment, and having paid it out under these conditions, it cannot recover it back. See *Savannah Savings Bank* v. *Logan,* 99 *Ga.* 291 (25 S. E. 692).

The trial court erred in overruling the general demurrer to the petition as amended and in failing to dismiss the petition. Since this ruling terminates the case, the questions presented by the other assignments of error are rendered moot, and it is unnecessary to pass upon any of the other assignments of error. Code § 6-701, as amended by the Act approved March 7, 1957 (Ga. L. 1957, pp. 224, 231).

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*