In the Matter of the Estate of MARIE A. CRARY, Deceased. GEORGE BUNCE, Appellant; LEON G. CRARY, Respondent.— Appeal from a decree of the Surrogate's Court of St. Lawrence County upon petition for a judicial settlement, which, among other things, denied a motion by appellant to dismiss the election of respondent, as surviving spouse, to take an intestate share of the net estate of the decedent against the provisions of her will. Earlier the Surrogate had relieved respondent from his default in failing to file a notice of election (Decedent Estate Law, § 18). No appeal was taken from that order, and respondent urges here that it was a final order and not an intermediate order susceptible to review upon this appeal. We find it unnecessary to pass upon that issue. Whether an application to relieve a default in filing a notice of election is based upon reasonable cause presents an issue for the sound judicial discretion of the Surrogate. Here the Surrogate found that respondent had little knowledge about the financial worth of decedent, who was his second wife. Because he believed the net estate would be small he was at first willing that it

should pass to his stepdaughter. He did not know the net value of the estate until after the regular period for filing an election had expired, and when appraisal schedules were filed for tax purposes. The Surrogate indicated his belief that there was an intentional withholding of this information. Whether this was so or not we think the circumstances were such as to justify the Surrogate in relieving respondent's default. Although the latter was an attorney he did not draw decedent's will, was not named as executor therein, and had nothing to do with settling the estate. Appellant cites a letter written by respondent to the attorney for the executor a few days after decedent's death as proof of a waiver on the part of respondent. It was not executed in conformity with the requirements of section 18 of the Decedent Estate Law, and in any event it was written, so the Surrogate found, when respondent believed the estate would be small. Viewed as a whole the record does not present a case for interference with the discretion of the Surrogate. Decree unanimously affirmed, without costs, but with printing disbursements to both parties payable out of the estate. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.