Pierson R. Hildreth, S.
This is an application by the surviving wife of decedent to be relieved of her default in filing a right of election.
*556 The decedent died July 12, 1965. He was survived by his wife and his four infant children. Letters testamentary issued August 27, 1965 to the two executors named in the will, one being decedent’s attorney, and the other being decedent’s mother. The surviving wife receives nothing under the will. Decedent disposed of his entire estate under four trusts, one for each child with ultimate remainders to the respective issue of each child, or to others depending upon specified contingencies.
Before the expiration of six months from the date letters issued the surviving spouse made an application for an extension of her time to file a right of election. That proceeding was defective, and by a decision of the court dated March 28, 1966 the application was denied without prejudice. No order was ever submitted by any party upon that decision. The statutory period of 12 months from the date of issuance of letters expired August 27, 1966. Just prior to the expiration of such 12-month period and by order to show cause dated August 25, 1966 which was returnable September 26, 1966, the spouse applied for permission to be relieved from her default in filing her election.
The executors interposed an answer which set forth several reasons for denial of the application. They alleged that the widow knew of the statutory time limitations, that she had several attorneys who had advised her, that the estate would be prejudiced by delay in filing, and that in any event the surviving spouse was barred from electing against the "will because she had waived any such right under the provisions of an ante-nuptial agreement which she made with her husband before their marriage on April 16,1952.
The widow contends that since the application for an extension of time was denied without prejudice, all her rights were preserved so that the present proceeding to be relieved from her default should ‘‘ be considered as though the application had been made prior to the expiration of the six months period.” As her defense to the waiver of any right of election contained in the antenuptial agreement she alleges that the antenuptial agreement was signed just as she attained majority, that she did not understand its terms, and that she believes she could show that the agreement was ‘ ‘ induced by duress of circumstances and that she neither fully understood nor comprehended the exact nature of the agreement nor the terms thereof nor that she was forever waiving any and all interest in the estate of her husband to be. ’ ’■
The statute, section 18-d (formerly § 18-b, subd. 6 and § 18, subd. 4) of the Decedent Estate Law, requires that the election be made within six months of issuance of letters. It provides *557 that the time to make the election may be extended before its expiration for a further period not exceeding six months upon any one application. It also provides that if the spouse defaults in filing within six months of issuance of letters the court may relieve the spouse from such default and authorize the making of an election within the period fixed by the order provided no decree settling the account has been made and 12 months have not elapsed since the issuance of letters. The statute then provides: “ An application for relief from a default and for an extension of time to elect shall be made upon a petition showing reasonable cause and on notice to such persons and in such manner as the surrogate may direct.”
Whether the application be considered one to extend the time or as one to relieve from default, relief is a matter of discretion. In either case, reasonable cause must be shown. The defense that the spouse is barred in any event because of the antenuptial agreement puts the validity of the agreement in issue in the first instance and raises the question of the status of the petitioner to make the application. If the spouse has no right of election in any event there is no justification to relieve any default.
The court holds that the issue of the validity of the antenuptial agreement is a proper matter of defense to the application and can be determined as a preliminary issue on this application. In Matter of Kahn (144 N. Y. S. 2d 253, affd. 2 A D 2d 893) the court considered the validity of a release in determining whether petitioner had the right to compel an accounting. In Matter of Sturmer (303 N. Y. 98) the court held that where a wife had waived a right of election by a valid separation agreement she had no standing to maintain a proceeding relating to disposition of estate assets. In Matter of Geltman (194 Misc. 704) the court in an application to be relieved from default considered the terms of the will to determine whether it gave minimum benefits to a wife sufficient to bar a right of election. In Matter of Hittleman (112 N. Y. S. 2d 796) in an application to be relieved from default in filing a right of election, the court considered whether the spouse had status in view of a divorce and, having determined the divorce to be valid, denied the application to be relieved from default.
The executors contend that this proceeding is jurisdictionally defective because the order to show cause was not served in conformity with the direction to mail in a postpaid envelope in that it bore insufficient postage. The postage was insufficient by five cents. Since the order to show cause was received the *558 court overrules such defense. It has been held that failure to properly prepay postage does not per se invalidate service, and delivery to the addressee or receipt by the addressee and retention waives any defect in insufficiency in postage. The test is whether the papers actually came into the hands of the addressee. (Appeal Print. Co. v. Sherman, 99 App. Div. 533; Meyers v. Jeffe, 108 N. Y. S. 2d 606.)
On the question of the validity of the antenuptial agreement, it is clearly established that the wife and her husband entered into the agreement. Upon the proof the court finds that the wife entered into the agreement knowingly, that she was fully aware of the meaning and significance of the agreement, that she was fully advised by independent counsel of her own choosing of the provisions of the agreement, that there was no duress, and that accordingly she waived all rights in the estate of her deceased husband and that she has no right to file a right of election. There is no evidence of concealment or misrepresentation. The agreement is not burdened with any presumption of deceit or fraud. (Matter of Phillips, 293 N. Y. 483.) The court finds that the executors have .sustained the burden of proving the validity of the antenuptial agreement as a bar to the right of election. (Matter of Liberman, 4 AD 2d 512, affd. 5 N Y 2d 719.) Even if the antenuptial agreement were not considered to constitute a waiver of her right of election, the court is of the opinion that no sufficient showing has been made of ‘ ‘ reasonable cause ” to be relieved of default. During the six months’ period after letters issued petitioner was advised by several of her attorneys of the importance of filing a right of election. Even after the motion for extension of the time was denied without prejudice no application was made until just before the expiration of the twelve months ’ period. The denial 1 ‘ without prejudice ” did not grant any right, but indicated only that the dismissal was not upon merits.
The executors also contend that petitioner is barred from attacking the validity of the antenuptial agreement under the doctrine of equitable estoppel and by laches. The proof shows that petitioner and her attorneys considered questioning the validity of the agreement at intervals since 1959. No attack on the agreement was made while the husband was living. Fifteen years after the agreement was made and after the other party, her husband, is dead the wife now asserts invalidity based on duress at the time the agreement was executed. A marriage was entered into in reliance upon the agreement, and neither party repudiated the agreement while both were alive. The court is of the opinion that under the circumstances here petitioner is *559 estopped to deny the validity of the agreement and that laches is also a bar. (Matter of Adams, 182 Misc. 937, affd. 267 App. Div. 985; Matter of Healey, 161 Misc. 298; Rothschild v. Title Guar. & Trust Co., 204 N. Y. 458.) Repudiation of an agreement on grounds of duress should be made promptly. (Port Chester Elec. Constr. Corp. v. Hastings Terraces, 284 App. Div. 966.)
Several attorneys testified with respect to their consultations with petitioner concerning the antenuptial agreement. The court at the hearing reserved decision upon objection to such testimony. All objections to such testimony are overruled. It is the opinion of the court that petitioner by the allegations in her pleadings and by her testimony has waived any objection to testimony of the attorneys she consulted concerning the ante-nuptial agreement. The privilege is for the benefit of the client and can be waived by the client.
The application to be relieved from default in filing a right of election is accordingly denied.