■ In the Matter of the Estate of ALBERT GOODSTEIN, Deceased. CAROL GOODSTEIN, Appellant; LEE GOODSTEIN, Respondent. [596 NYS2d 442] —In a proceeding brought by Lee Goodstein as surviving spouse, to file a late notice of election against the will of her deceased husband, the appeal is by Carol Goodstein, coexecutor of the estate of Albert Goodstein, from an order of the Surrogate's Court, Westchester County (Emanuelli, S.), dated September 6, 1991, which denied her motion to dismiss the petition.

Ordered that the order is affirmed, with costs payable by the estate; and it is further,

Ordered that the matter is remitted to the Surrogate's Court, Westchester County, for entry of an order joining the estate of Gertrude Raabin as a party interested in this proceeding.

There is no merit to the appellant's contentions that the Surrogate improvidently exercised his discretion by granting the surviving spouse's application to file a late notice of election against the will of her deceased husband. Pursuant to EPTL 5-1.1 (e) (1) an election by a surviving spouse must be

made within six months after the issuance of letters testamentary. However, EPTL 5-1.1 (e) (2) confers upon the Surrogate the discretion to relieve a surviving spouse of a default in timely asserting an election against a will so long as such an application is made within 12 months after the issuance of letters testamentary (see, Matter of Hart, 53 Misc 2d 555, affd 30 AD2d 781). It is uncontroverted that the petitioner's application was made within 12 months after the issuance of letters testamentary, and the record supports the Surrogate's exercise of discretion to relieve the surviving spouse of her default. Accordingly, this determination need not be overturned on appeal (see, Matter of Crary, 283 App Div 760).

Furthermore, we agree with the Surrogate's determination that the surviving spouse's failure to name the estate of Gertrude Raabin in her petition is not a fatal jurisdictional defect. Gertrude Raabin, the decedent's sister who survived the decedent by three months, left an estate which was a comparatively minor beneficiary under the decedent's will. Since Gertrude Raabin's estate could be affected by the surviving spouse's invocation of her right of election, that estate should have been named in the petition (see, SCPA 103 [39]; 304 [3]). However, neither SCPA 304 nor EPTL 5-1.1 compel a finding that a failure to serve an interested person constitutes a jurisdictional defect. In view of the liberal interpretation accorded to EPTL 5-1.1 to forgive defaults within the prescribed time periods, we find that joinder of the omitted party, and not dismissal of the petition, is the appropriate curative measure (see, In re Arnold's Will, 125 NYS2d 782; SCPA 102; CPLR 103, 104, 1001, 1003; see also, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:34, at 48). Accordingly, we remit the matter to the Surrogate for the entry of an appropriate order joining the estate of Gertrude Raabin and thereafter for further proceedings to determine the merits of the surviving spouse's application to elect against the will. Thompson, J. P., Rosenblatt, Miller and Lawrence, JJ., concur.