## SHEFFIELD *v.* SHEFFIELD.

No. 9692. JANUARY 13, 1934. REHEARING DENIED FEBRUARY 24, 1934.

*Benton Odom* and *W. I. Geer,* for plaintiff.
*P. D. Rich* and *P. Z. Geer,* for defendants.

PER CURIAM. E. M. Sheffield had three notes against Mrs. Lila Sheffield, his brother's wife, one of them being secured by a deed to the land, made subject to a prior security deed in favor of the Volunteer State Life Insurance Company. E. M. Sheffield sued on

each of these notes. Lila Sheffield filed a defense, contending that the notes were given in part for a debt of her husband, B. A. Sheffield, and partly for her own debt, and that she was not liable on the notes. Juries returned verdicts in favor of E. M. Sheffield, and executions issued. Lila Sheffield carried the cases to the Court of Appeals after motions for new trial were overruled, and the judgment in one of the cases was affirmed in that court. *Sheffield* v. *Sheffield*, 38 *Ga. App.* 685 (145 S. E. 672). Afterward Lila Sheffield executed to E. M. Sheffield a warranty deed to the land in question, and E. M. Sheffield immediately executed a warranty deed to his brother, G. H. Sheffield. Lila Sheffield contends that E. M. Sheffield and G. H. Sheffield told her that she had lost all three cases in the Court of Appeals; and that she would not have executed the deed to E. M. Sheffield except for the fact that she believed their statements. E. M. and G. H. Sheffield contend that they made no such statements to her, but that she voluntarily sold the land at an agreed price to G. H. Sheffield; and that as E. M. Sheffield had a deed to the land to secure one of his notes, and had three judgments on record against her, and as there was an installment long past due on the loan due the insurance company, it was decided and agreed that she would make the deed to E. M. Sheffield, who would cancel his judgments against her and his security deed, advance the money to pay the attorney's fees, court costs, and the installment due on the loan to the insurance company, and that he would take G. H. Sheffield's notes running over a period of four years for the exact amount that he had advanced plus the amount of his judgments. Shortly thereafter the judgments in the two remaining cases in the Court of Appeals were reversed, the remittiturs were returned to the lower court, and the judgments of the Court of Appeals were made the judgments of the lower court, and E. M. Sheffield had all three of the cases marked "settled and dismissed" on the docket of the court. Several months thereafter Mrs. Lila Sheffield brought the present suit in ejectment against G. H. Sheffield and Carey Tabb, who were in possession of the land, and G. H. Sheffield vouched into court E. M. Sheffield as his warrantor. Benton Odum and W. I. Geer were also made parties defendant to the case, but they filed no plea and took no part in the litigation. The defendants are in possession of the land, claiming it as their own, and refuse to give up possession thereof; the land belongs to

the plaintiff, and the defendants claim title to it under a deed from her to E. M. Sheffield. B. A. Sheffield is the husband of the plaintiff, and E. M. Sheffield and G. H. Sheffield are his brothers; and they all persuaded her to make to E. M. Sheffield a deed to her land in payment of her husband's debt. E. M. Sheffield in turn made a deed to the land to G. H. Sheffield, who sold it to her husband B. A. Sheffield, taking his notes and a security deed to the land. She alleges that these deeds are void and prays for a recovery of the land, and she also prays that she recover rents, issues, and profits.

G. H. Sheffield filed an answer admitting some of the allegations of the petition and denying others, and averring specifically that the plaintiff, on July 2, 1923, executed to the Volunteer State Life Insurance Company a deed to the land in controversy to secure a debt of the plaintiff, evidenced by notes, and the insurance company executed a bond for title to reconvey the land; on August 1, 1923, the plaintiff made and executed a security deed to E. M. Sheffield to secure an indebtedness of hers in the principal sum of $479.84, which indebtedness was evidenced by a note dated August 1, 1923, and due October 1, 1924, with interest at 8 per cent. per annum from date; that in 1926 E. M. Sheffield obtained judgment against the plaintiff in a suit on the notes, and executions were issued thereon; later, in 1928, B. A. Sheffield, the husband of the plaintiff, informed G. H. Sheffield that the plaintiff had lost her case which she had carried to the Court of Appeals, and wanted to sell the land to G. H. Sheffield for $5000, which was refused by the defendant; and B. A. Sheffield later came to the defendant and asked him to take the land and pay off the indebtedness which the plaintiff owed to E. M. Sheffield, as well as the indebtedness due the insurance company. As a result of negotiations between the parties it was agreed by Lila Sheffield that she was to deed the land to E. M. Sheffield and transfer the bond for title from the insurance company to E. M. Sheffield in compromise and settlement of the cases wherein E. M. Sheffield had brought suit on notes, and that E. M. Sheffield was to assume the payment of the loan to the insurance company, and transfer the three fi.. fas. in his favor against the plaintiff to her husband, B. A. Sheffield; that E. M. Sheffield was to sell the land and transfer the indebtedness above described to G. H. Sheffield, who in turn was to give B. A. Sheffield an option

to purchase the land. This agreement was carried out, and G. H. Sheffield subsequently conveyed the land to B. A. Sheffield, taking notes and a security deed therefor, a part of which was paid. G. H. Sheffield avers that he has assumed the indebtedness which the plaintiff owed E. M. Sheffield, amounting to $2430.30, of which he has paid $811.62, and the indebtedness due the insurance company of $1690.46, which the defendant has paid; that E. M. Sheffield canceled the security which he held to the land of Lila Sheffield; that if it should now appear (which defendant avers will not) that a part of the consideration of the deed which Lila Sheffield made to E. M. Sheffield was given in part payment of or in extinguishment of her husband's debt, G. H. Sheffield had no notice of the fact, and is a bona fide purchaser for value without notice and should be protected; but defendant specifically denies that the deed was given in extinguishment of her husband's debt as alleged. The note signed by G. H. Sheffield, as well as the security deed to E. M. Sheffield, is now held by the Citizens Bank & Trust Company of Bainbridge, as collateral for an indebtedness which E. M. Sheffield is due it, and the bank is a bona fide purchaser for value, before maturity of defendant's notes. Defendant has paid $29.25 on a note secured by a deed from the plaintiff to W. I. Geer, in the principal sum of $150, which was transferred to the defendant in the compromise agreement. In the event the plaintiff recovers in this case by reason of the facts alleged, this defendant should be subrogated in equity and good conscience to the rights of E. M. Sheffield under his security deed and judgments, and the notes and security deed should be revived for his benefit; and he should also be subrogated to the rights of the insurance company for the amount expended by the defendant on behalf of the plaintiff in reducing said lien; and the cancellation of the security from the plaintiff to W. I. Geer should be canceled and the security deed revived for his benefit; and defendant should be subrogated to the rights of E. M. Sheffield under the judgments which E. M. Sheffield obtained against the plaintiff. Defendant avers that he has made valuable improvements on the property; and in the event the plaintiff should recover, this amount should be set off against the amount of her recovery, and he should be reimbursed for the taxes which he paid on the property for the years 1928, 1929, and 1930. He prays for judgment for the various amounts so expended, for subrogation as set out above, and for general relief.

E. M. Sheffield filed an answer in substance the same as that of G. H. Sheffield. A demurrer on general and special grounds was filed. One of the special grounds called upon the plaintiff to show in what manner B. A. Sheffield, E. M. Sheffield, and G. H. Sheffield concocted a scheme to get plaintiff to make the deed to E. M. Sheffield, and for information of what the scheme and plan consisted; which special demurrer was sustained, and no exception was taken, thus eliminating any question of fraud from the case. The jury found for the defendant. A motion for new trial was overruled, and the plaintiff excepted.

1. Ground 1 of the amendment to the motion for new trial recites that the court gave in charge to the jury Civil Code (1910) §§ 2993, 3007, and further charged the jury as follows: "If a part of the consideration of the deed in question in this case was the lifting of certain encumbrances upon the property, it was a valid charge thereon; and if the remainder of the consideration was to be appropriated to the extinguishment of the debt of the grantor's husband, the deed itself, being one entire transaction, can not be upheld, because of the impossibility of separating that which is legal from that which is illegal. But if the real object of the conveyance was to appropriate the value of the property conveyed, in excess of the amount represented in the encumbrance discharged, to the extinguishment of the debt of the husband, actually existing at the time of the conveyance or in contemplation at that time, while a part of the consideration would be valid, the other would be illegal and the deed, being one entire transaction, can not be upheld, because of the impossibility of separating that which is legal from that which is illegal. It is not the case of a mortgage given to secure several debts, some of which are legal and some illegal, and in which that which is legal may be cut off from that which is illegal; but it is a case in which the whole, the entire transaction, is so infected with the virus of illegality that there is no possibility of upholding the deed executed in pursuance of it as a conveyance of title. A sale by the wife of her separate estate, made to a creditor of her husband in extinguishment of her husband's debt in part and in settlement of the wife's debt in part, the contract being entire and not divisible, is void." The court also charged that "A mortgage given by a wife upon her own property in settlement of a debt of her husband is not binding upon her, al-

though she may have given the mortgage under the impression that the creditor holding this debt could for some reason subject the property in question to its payment, and intended by giving the mortgage to effect a compromise of what she regarded as a doubtful claim against the property." "A deed made by a wife to secure a debt not actually her own, but due by her husband, is not binding upon her, although such deed may have been made for the purpose and with the intention of effecting a compromise of what she regarded as a doubtful claim against her property." It is stated in this ground of the motion for new trial that the above excerpts from the charge are pertinent, legal charges, and are not set out for the purpose of excepting to them, but that the following instruction is assigned as erroneous: "The court charges you that the law of this State looks with favor upon the settlement or compromise of litigation; and if you believe from the evidence that certain litigation was pending between E. M. Sheffield and Lila Sheffield and that for the purpose of settling and compromising such litigation Mrs. Lila Sheffield executed and delivered the deed dated November 30, 1928, to E. M. Sheffield, and he accepted the same, and acting on the faith of such settlement caused the litigation to be dismissed, that such settlement is an adjudication of all the questions involved in the litigation, and the deed made to complete or bring about such settlement is valid and binding. This is true regardless of the merits of any question of law or fact that may have been involved in the litigation, and the settlement and dismissal of such litigation should be an end of it. The court charges you, if you believe from the evidence that there was certain litigation pending between Mrs. Lila Sheffield and E. M. Sheffield and that Mrs. Lila Sheffield executed and delivered a deed to the land in question to E. M. Sheffield to compromise or settle the litigation, and that E. M. Sheffield accepted the deed and in good faith dismissed the litigation, then the deed from Lila Sheffield to E. M. Sheffield would be valid and binding on her, and you should so find. In other words, if she made the deed to the land for the purpose of settling the litigation—getting the cases against her out of court, the deed would be valid and binding against her, even if the litigation mentioned was in fact the debt of her husband." This excerpt from the charge is alleged to be in conflict with the previous instructions quoted above in this ground, and it is con-

tended that the principle of law therein embraced is not involved in the case. The assignment of error is without merit. The charge was pertinent to the issues in the case, and is a correct statement of the law as applied thereto. In *Thornton* v. *Lemon,* 114 *Ga.* 155 (39 S. E. 943), it was held: "A promissory note executed and delivered by a married woman for the purpose of settling a pending action against her husband and herself, wherein the plaintiff alleged that both were liable, is binding upon her although in point of fact the debt declared upon was exclusively that of the husband. The consideration of such a note is not the husband's debt, but the settlement of the litigation." And see *Rountree* v. *Rentfroe,* 139 *Ga.* 290, 293 (77 S. E. 23) ; *Baxter* v. *Bank of Grantville,* 45 *Ga. App.* 824 (166 S. E. 63).

2. Special ground 2 of the motion for new trial assigns error on the following charge of the court: "If you believe from the evidence that Lila Sheffield procured G. H. Sheffield to take up the indebtedness claimed against her by E. M. Sheffield and that she made the deed to the land to E. M. Sheffield at the request of G. H. Sheffield, the deed would be a valid and binding conveyance even though the debt claimed against her by E. M. Sheffield may have in fact been the debt of her husband. In other words, a married woman in this State is permitted by the law to procure a third person to pay a debt owing by her husband to some one else. This is true even though the person paying the debt may know that it is the debt of her husband." It is contended that this charge is contrary to the evidence and without evidence to support it. The pleadings and the evidence tended to show that the plaintiff requested G. H. Sheffield to purchase the land and take up the indebtedness against it, and in the course of the transaction it was necessary that the plaintiff make a deed to E. M. Sheffield, as the latter held a security deed to the land, as well as other liens, and then E. M. Sheffield deeded the land to G. H. Sheffield and canceled his liens against the land. This charge is not subject to the criticism urged.

3. Special ground 3 assigns error upon the following instruction: "The court charges you further . . that if you believe from the evidence in this case, that is by a preponderance of the evidence, that this deed in question, that is the deed from Mrs. Lila Sheffield to E. M. Sheffield, was made and executed and de-

livered in extinguishment of her husband's debts, then you should find in favor of the plaintiff." Error is assigned because the plaintiff did not claim that the entire debt was that of her husband, but that a part of it was her husband's debt and a part her own debt. The court charged both theories, as will appear from the excerpts from the charge set out in division 1 above. The petition of the plaintiff alleges that the deed she made to E. M. Sheffield was void because made in settlement of her husband's debt, and there is no allegation in the petition that a part of the debt was her own. The evidence tends to show that the debt was partly her own and partly her husband's. The charge excepted to is not erroneous for any reason assigned.

4. The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Hill, J., absent because of illness.*