37711. CLARK *v.* RYALS INSURANCE AGENCY *et al.*

TOWNSEND, Judge. 1. The owner of real property who with knowledge of all the facts elects to pay off a lien urged against such property from the proceeds of a sale thereof in order to comply with the demand of the purchaser that good and marketable title be. furnished cannot thereafter sue to recover the money so paid on the ground that no valid lien in fact existed and he was forced to make payment in order to consummate the sale, since, if such were the state of facts, the payment would be presumed to be a voluntary payment. *Stein Steel & Supply Co.* v. *K. & L. Enterprises,* 97 *Ga. App.* 71 (102 S. E. 2d 99).

2. The wife is a femme sole, as to her separate estate. A sale of the wife's property made to a creditor of her husband is absolutely void, and when a creditor, with knowledge of the facts, receives in payment money belonging to his debtor's wife in extinguishment of the debt of the husband, the transaction is also void and the wife may recover the money so paid. Code § 53-503; *Lewis* v. *Howell,* 98 *Ga.* 428 (25 S. E. 504).

3. However, a married woman may out of her separate estate pay off a charge or encumbrance against her land even though such encumbrance originate in the debt of her husband. She may give a note in settlement of pending litigation against herself and her husband although the original debt was that of the husband, since the consideration is not the debt but the settlement of the lawsuit. *Thornton* v. *Lemon,* 114 *Ga.* 155 (39 S. E. 943); *Sheffield* v. *Sheffield,* 178 *Ga.* 248, 254 (173 S. E. 121). She may, in order to obtain a loan on land the legal title of which is in both spouses, pay off a judgment against her husband although in fact the husband has no

real interest in the land. *Atlanta Suburban Land Corp.* v. *Austin*, 122 *Ga.* 374 (7) (50 S. E. 124). She may also, when she acquires property from her husband, pay off any lien which represents a charge against such property, although it be a debt of the husband. *Phelps* v. *House*, 67 *Ga. App.* 872 (1) (21 S. E. 2d 522). In like cases estoppel may be urged against the wife in equity if the wife, by agreeing to subordinate her claim to property to that of a creditor of her husband, misleads the other party and causes him to ˙ relinquish a legal right which he would otherwise have. *Lunsford* v. *Kersey*, 191 *Ga.* 738 (13 S. E. 2d 803).

4. It appears from the trial of this case that the plaintiff herein, Edith Clark, received deeds to two pieces of property from her husband on March 10, 1955; that at that time he owed money to at least one of the defendants in this action; that in February, 1957, the defendant American Casualty Company of Reading, Pa., obtained a judgment against L. C. Clark in the principal sum of $417, and the defendant Ryals Insurance Agency, the other defendant, had a like judgment; that executions had issued and returns of nulla bona had been made; that in July, 1958, the plaintiff desired to sell one of the pieces of property located at 32 Avondale Road to the Pure Oil Company, a lessee of the premises, with an option to purchase executed in 1952; that the attorney for these defendants informed the parties that in their opinion the deeds from L. C. Clark to his wife, the plaintiff here, were invalid on the ground that L. C. Clark was insolvent at the time title to the property was placed in his wife's name and that, unless they were given definite assurance that the judgments would be paid out of proceeds of the sale, suit would be filed. At the same time the title company refused to approve title unqualifiedly so long as the judgments remained of record, and the purchaser refused to accept the property under these conditions. The plaintiff then authorized the payment to be made to the judgment creditors; the husband executed a quitclaim deed to the property to the purchaser and the plaintiff a warranty deed; the judgment fi. fas. were marked paid and delivered to the Clarks, and the defendants were paid in accordance with the terms of the authorization by the plaintiff. The plaintiff then filed an action against each of these defendants seeking the return of the

sums paid them out of the sale of the property on the ground that it constituted a subjection of her separate property to the debts of her husband. The actions were consolidated for trial and judgment rendered in favor of the defendants by the court sitting without a jury, and the exception here is to the denial of the plaintiff's motion for new trial.

When a transaction between husband and wife is attacked as being in fraud of creditors, the onus is upon the spouses to show that the transaction was fair. Code § 53-505; *Dwight* v. *Acme Lumber &c. Co.*, 189 *Ga.* 473 (3) (6 S. E. 2d 586). There is at least some evidence in this record supporting the defendants' contention that the transfer of the two pieces of property from the judgment debtor to the plaintiff rendered him insolvent. The evidence is undisputed that Pure Oil Company refused to purchase the Avondale Road property until the title was cleared, in view of the defendants' notice that they would file suit to cancel the deeds to the plaintiff. Under these circumstances, and regardless of whether the judgment fi. fas. were enforceable as a lien against the property or not, the plaintiff's authorization to pay the defendants from the proceeds of the sale was made pursuant to a consideration moving to herself, that is, to prevent litigation against her which might result in the cancellation of the deeds from her husband to herself. The defendants on the other hand by relying upon the plaintiff's authorization and payment to them from the proceeds of the sale, surrendered a valid legal right by assenting to the fi. fas. being marked satisfied of record. Whether or not the property was the sole and separate estate of the wife was issuable under the contentions of the defendants. If the title was actually held by her in trust for creditors she could not complain that the proceeds of its sale were subjected to this use; rather than litigate to a determination of this issue she agreed to allow the claim. Since a benefit flowed to her and a detriment in relinquishing a legal right accrued to these defendants, the authorization became a binding contract between her and them, and she is now estopped to contend that the property was in fact her own and was subjected to a debt of her husband. The general grounds of the motion for new trial are without merit.

5. The only special grounds insisted upon deal with the introduction in evidence of various security deeds executed by the

692

husband to a loan company after the deeds from the husband to the plaintiff, and involving the other piece of property which was located on Columbia Drive, it being contended that this piece of property was not involved in the litigation and that the introduction of such deeds in evidence was error prejudicial to the plaintiff. Since both deeds were executed from the husband to the plaintiff on the same date, and since it was contended that both transfers were a single transaction in fraud of creditors, the fact that L. C. Clark thereafter treated one of the porperties as his own by borrowing money on it had some probative value, at least to shed light upon the issue of fraud in the transfer, and upon the question of whether the plaintiff took the properties in trust or as gifts from her husband. It was accordingly not error to admit this evidence.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JUNE 9, 1959.

*Franklin B. Anderson,* for plaintiff in error.
*Sarah Frances McDonald,* contra.