John J. Dillon, S.
The executor instituted this proceeding pursuant to section 145-a of the Surrogate’s Court Act to determine the validity and effect of a notice of election filed by the testator’s widow. The evidence clearly established that both the decedent and the surviving spouse executed a prenuptial agreement dated December 19, 1952. The agreement which was duly acknowledged expressly provides that “ Each party hereto hereby waives the right which he or she now has or may hereafter have pursuant to the provisions of Section 18 of the Decedent Estate Law”. The court finds that there was no fraud, concealment or overreaching on the part of either party to the agreement. Furthermore, it appears that both parties were fully competent to enter into the agreement, that they did so of their own free will and that they were both represented by counsel of their own choosing.
At or about the time the prenuptial agreement was executed, the decedent also executed an instrument purporting to be a will and in addition thereto an agreeement with his son which provided that the son would utilize ‘1 his best efforts ’ ’ in the operation of a business 1 ‘ to provide a home and some income for his [the decedent’s] widow ”. It is the widow’s contention that all three instruments constitute one agreement and that the subsequent revocation by the decedent of two of the instruments, constituted a breach of the agreement and thus released her from the antenuptial contract.
It is well established that a prenuptial agreement is presumed to be valid in the absence of proof of fraud, concealment or *525 imposition (Matter of Phillips, 293 N. Y. 483; Mutter of Sturmer, 303 N. Y. 98). As was pointed out- in Matter of Eisner (15 Misc 2d 361) the widow might well have a cause, of aeiion for breach of contract if in fact it is determined that the oilier two instruments were part and parcel of one agreement. However, that issue is not before this court. Accordingly, the court determines that the widow effectively waived her right to elect to take against the will under the terms of the prenuptial agreement.