Irwin Brownstein, J.
Defendant moves, pursuant to CPLR 3212, for a summary judgment dismissing- plaintiff’s action (Index No. 19893-1970) for restitution of moneys allegedly paid to defendant to satisfy a judgment of foreclosure, upon the grounds that plaintiff’s action has no merit and that the issues are barred by res judicata.
Plaintiff’s complaint alleges, in substance, that in 1964 defendant had recovered a judgment of foreclosure on a bond and mortgage executed by plaintiff in favor of defendant and that, following- the entry of judgment, 1 ‘ there was paid to the defendant with sums of this plaintiff ’ ’ $130,000, to which plaintiff claims he is entitled to restitution because of the reversal of the judgment by the Appellate Division (24 A D 2d 612).
Plaintiff’s affidavit in opposition to this motion makes reference to the mortgage foreclosure action instituted by defendant against this plaintiff, this plaintiff’s papers and proof submitted on his motion to restore that case to the calendar, and the issues considered by the Appellate Division and the Court of Appeals in that case (34 A D 2d 836, 28 N Y 2d 650, and 36 A D 2d 835). Plaintiff then contends that, though a satisfaction of the mortgage had been executed by defendant, nothing in the “ earlier litigation ’ ’ nor in the conduct of either of the parties in relation to said mortgage debt is determinative of whether the payment was voluntarily made in satisfaction of the mortgage (its validity was disputed) or in satisfaction of a judgment ,of fore *882 closure “to * * * stay an auction sale.” Plaintiff asserts that the payment to defendant was an involuntary payment on a judgment that was thereafter declared void and therefore this court should direct restitution. Plaintiff, however, does not annex a satisfaction of the judgment on which payment is claimed to have been made, nor does plaintiff “lay bare and reveal his proofs ” as to the circumstances surrounding the payment and the execution and recording of .the satisfaction of mortgage.
On a motion for summary judgment more is required than disputation, denials and assertions that triable issues exist (Steingart Assoc. v. Sandler, 28 A D 2d 801, 803; see, also, Holdridge v. Town of Burlington, 32 A D 2d 581). Particularly is this true where the file records referred to by plaintiff contain facts reflecting on the merits of plaintiff’s opposition (Tausig & Son v. Providence Washington Ins. Co., 28 A D 2d 279, affd. 21 N Y 2d 1022).
Defendant, on this motion to dismiss plaintiff’s complaint, contends that plaintiff’s action has no merit and that in any event the issues therein have been determined. Defendant relies upon the denial in the Appellate Division of this plaintiff’s cross motion made July 6, 1970 for an order directing defendant to make restitution or deposit the money in court. It is apparent that defendant further considers the omission of the Court of Appeals to pass on that part of plaintiff’s brief as 'Sought a reversal of the Appellate Division denial of restitution as conclusively determining the issue of restitution.
Res judicata resulting from a decided motion is a bar to a new action where the issues in the new action were, in fact, determined by the prior motion. A party ‘ ‘ having elected to resort to its motion * * * is bound by the decision thereon ” (Drescher Rotherg Co. v. Landeker, 82 Misc. 441, 443; see, also, Williams v. Barkley, 165 N. Y. 48; Smith v. Zalinski, 94 N. Y. 519). However, a motion for restitution after modification or reversal of a judgment is addressed to the discretion of the court (CPLR 5015, subd. [b]) and “ if the application be wholly denied, and nothing further appear in the order, it may very possibly be that the denial would be regarded as an exercise of discretion vested in the court, whether to entertain such application or not, and the order of denial might not be appealable.” , (Pittsfield Nat. Bank v. Bayne, 140 N. Y. 321, 328).
The failure of the appellate court to order restitution may not be viewed as an adverse adjudication. ‘ ‘ Restitution upon motion is discretionary. One who seeks it may be left, in cases *883 of hardship or of uncertainty, to the remedy by action ” (Golde Clothes Shop v. Loew’s Buffalo Theatres, 236 N. Y. 465, 472). Thus, where “justice [is] best served by denying the motion * * * [it] in nowise precludes the defendants from asserting their rights in a new action.” (Stahl v. Norwich, 205 App. Div. 424, 425). Neither the denial in the Appellate Division with “nothing further appearing in the order” nor the failure of the Court of Appeals to pass upon the denial is res judicata of the issue of restitution.
There thus remains to be considered whether this action, that only asks restitution of moneys allegedly paid on a reversed judgment, has merit and whether the facts as presented and the file records in this court rule out any triable issues.
The order of reversal of the judgment of foreclosure entered by the Appellate Division on July 12, 1965 (24 A D 2d 612) granted a new trial. But as stated in the opinion of Mr. Justice Schwabtzwald (N. Y. L. J., March 5,1969, p. 20, col. 2), “ plaintiff’s mortgage which constituted the main action, was paid and satisfied, it was [therefore] unnecessary or even possible for the plaintiff [this defendant] to proceed with that action.” Plaintiff on the other hand delayed prosecuting the action for “ approximately three years and four months have elapsed without any stir of activity ” despite the Appellate Division’s order of July 12, 1965 granting a new trial. This plaintiff’s motion to restore that case to the trial calendar without any reasonable excuse for the delay on his part was denied and the denial was ultimately sustained on appeal. Plaintiff has thus been foreclosed from litigating any of the issues encompassed by the mortgage foreclosure action. Plaintiff now relies solely upon the equitable remedy of restitution for the recovery of the funds paid to defendant.
The remedy of a restitution action was ‘ ‘ well known to the common law. Its object was to restore to an appellant ” that which he had been deprived of by a judgment. ‘1 It was not created by statute, but was exercised by the appellate tribunal as incidental to its power to correct errors ”. Although this practice has since been regulated by statute, the statutory remedy is not exclusive but was “ enacted in recognition of the right of restitution as it existed at common law, to furnish additional means of enforcing that right.” The basic principle involved in such action is that ‘ ‘ in equity and good conscience ’ ’ the party receiving the funds 1 ‘ ought to have promised ’ ’ repayment and he will not be permitted to say that he ‘1 did not ’ ’ (Haebler v. Myers, 132 N. Y. 363, 366, 367, 369).
*884 The very nature of the remedy addresses itself to a court of equity. Of necessity it may not be deemed 1 ‘ a matter of mere right, but is ex gratia, resting in the exercise of sound discretion, and the court will not order it where the justice of the case does not call for it or where the retention is not shown to be contrary to equity and good conscience ” (5 Am. Jur. 2d, Appeal an,d Error, § 998, p. 425; see, also, Restatement, Restitution, § 74).
As stated by Justice Cardozo in Atlantic Coast Line v. Florida (295 U. S. 301, 309-310): “ But the rule, even though general in its application, is not without exceptions. A cause of action for restitution is a type of the broader cause of action for money had and .received, a remedy which is equitable in origin and function. * * * The claimant to prevail must show that the money was received in such circumstances that dhe possessor will give offense to equity and good conscience if permitted to retain it. * * * The question no longer is whether the law would put him in possession of the money if the transaction were a new one. The question is whether the law will take it out of his possession after he has been able to collect it.”
Plaintiff, as it appears to this court, has studiously avoided stating who made the payment of money to defendant, the exact amount thereof and the circumstances under which it was paid and received by defendant, and more particularly, the negotiations resulting in defendant’s delivery of the original mortgage documents and the satisfaction of the mortgage. The facts as gleaned by the court from the motion papers of Astoria Holding Corp. (motion made in the foreclosure action to cancel the notice of pendency) clearly show that, prior to the case being reached for trial and assigned to an Official Referee, plaintiff sold his property subject to defendant’s mortgage and, in consequence thereof, had to make some arrangement for the satisfaction of the mortgage as distinguished from the satisfaction of a judgment which was not then in being. Such a payment is not within the category of an involuntary payment in satisfaction of a judgment that would move a court of equity to consider restitution ; particularly where the plaintiff waited almost six years to seek restitution (motion before Mr. Justice Wegmax and institution of this action). (See Railroad Co. v. Commissioners, 98 U. S. 541, and Clark, v. Ryals Ins. Agency, 99 Ga. App. 689, 691, wherein the court held that an owner of realty, who with full knowledge of the facts, authorizes the payment of a lien in order to comply with a purchaser’s demand for good and marketable title, may not sue for restitution on the ground that the lien was not valid, ‘ ‘ since a benefit flowed ’ ’ to the owner and 11 a *885 detriment in relinquishing a legal right accrued to these defendants, the authorization became a binding contract ’ ’ estopping the owner.)
There is no dispute that defendant’s mortgage had been satisfied of record and that the mortgage and the obligation which it secured were executed on December 28, 1962, as admitted in plaintiff’s answer, in the “ earlier litigation.” It is manifest that if the court was to rigidly apply the rule of directing repayment on a judgment that had been reversed, this defendant would then be left without a remedy. He can no longer establish by suit the validity of the mortgage, as such a suit would patently be barred by the Statute of Limitations. Plaintiff sagaciously pleaded this action in such form that the only proof that should be required of him is the entry and reversal of the judgment of foreclosure and the payment allegedly made in satisfaction thereof. The reason for such pleading is not lost on this court. Plaintiff had been barred from proceeding with a trial in the “ earlier litigation ” wherein he could have sought a determination of the validity of the mortgage. He dared not commence a new action, nor seek in this action, as an additional cause of action, a declaration that the mortgage was void, as the new action or additional cause of action would be barred by the Statute of Limitations.
To paraphrase Justice Cardozo in Atlantic Coast Line v. Florida (supra) the question no longer is whether a court of equity will decree the payment back of money .received, but whether it will take it out of defendant’s possession. “ Nothing short of true and complete justice satisfies equity ” (Latham v. Father Divine, 299 N. Y. 22, 27). It would be unjust at this late date to take the money out of defendant’s possession. An action in equity must be deemed without merit when a court in good conscience may not grant the equitable relief sought.
Accordingly, defendant’s motion is granted.