## 58693. CRAWFORD et al. v. GULF STATES MORTGAGE COMPANY, INC.

CARLEY, Judge.

Crawford, wishing to purchase a tract of property for subdivision development, negotiated with Gulf States for financing. Gulf States made Crawford a development loan commitment, the terms of which included the grant to Gulf States of the right of first opportunity and/or first refusal on certain loan applications as the lots were released. It was stipulated that the failure to comply with this condition would result in a $400 penalty per lot. The commitment also provided that in the event Crawford decided to sell or convey the property prior to complete sell-out of all 52 lots to be developed, Gulf States had the option of declaring a $400 per lot penalty.

Crawford agreed to the terms of the commitment, purchased the property and began development. Several months later Crawford decided to sell the property and found a buyer. Gulf States raised the question of the effect Crawford's sale of the property would have on his obligations under the commitment to give the mortgage company certain rights of first refusal. It was mutually agreed that Crawford would pay Gulf States "the sum of $20,800 in lieu of permanent loans secured by dwellings to be built in the subdivision" and that Gulf States would pay to Crawford $400 plus interest for each permanent

loan closed by the mortgage company during the following year secured by property located in the subdivision. On the day following this agreement, Crawford consummated the sale of the property and authorized a pay-out to Gulf States from the proceeds which included the $20,800 that had been agreed was owing to it under the terms of the loan commitment in the event of sale.

Approximately a year later Crawford filed the instant action to recover the $20,800 "had and received" by Gulf States. Gulf States answered, denied indebtedness to Crawford and raised the affirmative defense of accord and satisfaction. After discovery, Gulf States moved for and received summary judgment. Crawford appeals.

The various arguments advanced by Crawford that summary judgment was erroneously granted to Gulf States are unpersuasive. The controlling factor in the instant case is that the evidence submitted on the motion "affirmatively shows that [Crawford] voluntarily paid to [Gulf States] the sums of money in settlement of a disputed claim, and that [he] was not under any duress or compulsion to make payment, and having paid it out under these conditions, [he] cannot recover it back. [Cit.]" *Stein Steel &c. Co. v. K. & L. Enterprises,* 97 Ga. App. 71, 75 (102 SE2d 99) (1958). See also *Clark v. Ryals Ins. Agency,* 99 Ga. App. 689 (109 SE2d 643) (1959).

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED OCTOBER 3, 1979 — DECIDED FEBRUARY 11, 1980.

*Eugene K. Swain,* for appellants.
*Grover C. Willis, Jr., Philip J. Johnson,* for appellee.