*602 OPINION OF THE COURT
Arnold F. Ciaccio, S.
At issue in this proceeding is the enforceability of the surviving spouse’s appropriately filed notice of right of election. The estate seeks a summary dismissal of the notice of the right of election on the basis: (1) that the surviving spouse, one Donald L. Nichols, executed a so-called waiver agreement in the manner of a prenuptial agreement foregoing any right to elect against the decedent’s estate (EPTL 5-1.1-A [e]); and (2) that inasmuch as surviving spouse Donald L. Nichols was a lifetime inmate of the New York State correctional system, his marriage to the decedent was void ab initio. (Civil Rights Law § 79-a.) The surviving spouse counters with the position that the waiver in the form of the prenuptial agreement was signed by him without the benefit of counsel and under a form of duress. He also avers that his marriage to the decedent was appropriate and legal in that he had obtained permission for such a marriage from the New York State Department of Correctional Services and obtained a lawful marriage license therefor. He also avers that as a life inmate of a correctional institution, he would not be permitted to sign a contractual waiver of rights.
FACTUAL BACKGROUND
Little of what may be described as factual is controverted. The decedent, Doris B. Heric, died on April 5, 1997 survived by two children. One, Barbara A. Sandman is the nominated executor of the mother’s estate and she has qualified therefor with letters having been issued on June 26, 1997. Subsequent thereto a notice of right of election was filed by Donald Nichols pursuant to EPTL 5-1.1-A. It is this notice of election that is contested by the executrix pursuant to EPTL 5-1.1-A (c) (4) and SCPA 1421 on the basis of the waiver of that election executed by Donald Nichols dated April 20, 1995.
It appears that the parties had initially become acquainted many years ago and both had been married to other individuals. In 1989 the decedent, now widowed, began to visit Donald Nichols at the Attica, New York prison facility. She visited three or four times a year. In 1990 or 1991, Donald Nichols asked the decedent to marry him and in 1995 she accepted the proposal. During that year she visited Mr. Nichols weekly. It does appear that Nichols received permission to marry from the New York State Department of Correctional Services and accordingly obtained a lawful marriage license. At some point *603 in 1995 the decedent and Donald Nichols were married at the correctional facility at Attica while Nichols was (and still is) a life-term inmate.
Prior to the marriage, Mr. Nichols signed a waiver or prenuptial agreement which in addition to other provisions waived his right of election, if any, as a surviving spouse in the decedent’s estate. His affidavit avers that he executed the document, as he says, “in order to placate the decedent’s children”. He claims he was not represented by an attorney with the form of waiver having been simply mailed to him. He claims further that he signed the agreement under duress because if he did not, the decedent would cut off weekly visits, he would not get conjugal visits and would probably not have a chance of marrying anyone else in the future and concluding that ultimately the act of signing the waiver was anything but “freely and fairly given”. It is not argued that Mr. Nichols did indeed execute the waiver and the same was duly acknowledged.
SUMMARY JUDGMENT
Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue. (Rotuba Extruders v Ceppos, 46 NY2d 223; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395; Palmerton v Envirogas, Inc., 80 AD2d 996.) It is nevertheless the view of this court as expressed in its decision Matter of Taddeo (Sur Ct, Monroe County, Ciaccio, S., affd 135 AD2d 1090), that where appropriate, summary judgment must be granted to avoid overburdening court calendars. (See also, Andre v Pomeroy, 35 NY2d 361.)
It is incumbent on /the party opposing the summary judgment to show that allegations in the proceeding are true and can be established at trial. (Rae v Rosenberg, 67 Misc 2d 881, 882.) The estate’s position is that the husband has failed to provide the court with sufficient documentation or proposed evidence to establish a meritorious case to withstand its motion for summary judgment. (Wilkinson v Skinner, 34 NY2d 53.) The court is obliged to construe any offer of evidence, documentary or otherwise, that may be considered on a motion for summary judgment. (Wilkinson v Skinner, 34 NY2d 53.) The court is obliged to construe any offer of evidence in the light most favorable to the one moved against. (Weiss v Garfield, 21 AD2d 156.)
*604 DURESS
To establish duress, there must be proof of affirmative conduct and wrongful threat which precluded the exercise of the person’s free will. (Matter of Podmore v Our Lady of Victory Infant Home, 82 AD2d 48; Smith v Jones, 76 Misc 2d 656; Matter of White, 182 Misc 223, 228-229 [“a state of mind, such as fear * * * (does not) constitute coercion”].)
Accepting Mr. Nichols’ affidavit and construing it in a light most favorable to him nonetheless does not give rise to the level of duress enough to vitiate the waiver and release of the right of election. Mr. Nichols describes his fear that if he did not sign the waiver she would not marry him and he would not have any conjugal rights or further visits. There is nothing in the record that suggests that the decedent threatened to stop those visits nor that she would not marry him if he failed to sign. There is nothing in the record to justify the so-called “placating of the children”. Mr. Nichols’ position rests solely on the self-serving declarations of his state of mind when he signed the waiver. His subjective fears are not enough to constitute the coercion or duress necessary to vitiate the waiver. (Matter of Miller, 97 AD2d 581; Matter of Hart, 53 Misc 2d 555; Matter of Lingg, 29 Misc 2d 524; Matter of White, supra.)
CIVIL RIGHTS LAW
The argument that Civil Rights Law § 79-a is a prohibition against inmates marrying before parole while serving life sentences is not dispositive of the issues herein. Although the section has not been abrogated it nonetheless has been declared unconstitutional as violative of equal protection provisions of the US Constitution. (Langone v Coughlin, 712 F Supp 1061 [ND NY 1989].)
The court grants summary judgment to the estate dismissing Mr. Nichols’ right of election on the basis of the waiver and prenuptial agreement as aforesaid.